■ CARMELLA VALENTI et al., Respondents, v JOSEPH TRUNFIO, Defendant, and LE ROY HOSPITAL, Appellant.—Order, Supreme Court, New York County (B. Sherman, J.), entered on June 27, 1984, denying the motion of defendant Le Roy Hospital (Hospital) for summary judgment, unanimously reversed, on the law, the motion granted and the amended complaint as against the Hospital is dismissed, without costs.

The original complaint in this action, which was commenced on June 27, 1979, alleged that plaintiff Carmella Valenti (Carmella) sustained personal injuries by reason of the medical malpractice of defendants in that they had "rendered improper and harmful medical and hospital care and treatment * * * in failing to inform the injured plaintiff Carmella Valenti that she had been injured while she was a patient of the defendants". The complaint further alleged: "Plaintiff Carmella Valenti did not learn of the malpractice that was committed upon her by the defendants until March of 1979."

On September 6, 1979 defendant Hospital interposed its answer, denying the essential allegations of the complaint except admitting that Carmella had been a patient at the Hospital from November 25 through December 9, 1973, and asserting the Statute of Limitations as an affirmative defense. Plaintiffs' verified bill of particulars, dated January 23, 1980, charged defendants with medical malpractice "in performing surgical procedures, to wit: a total abdominal hysterectomy, bilateral salpino-oophorectomy and an appendectomy in a careless,

negligent, reckless and improper manner * * * in causing, permitting and/or allowing the plaintiff's ureter to be cut or perforated; in failing to treat said plaintiff properly * * * in ignoring the said plaintiff's signs, symptoms and complaints; in failing to inform the plaintiff that she had been injured while she was under the defendant[s'] care and treatment * * * in failing to advise the said plaintiff of the risks or consequences inherent in the surgical procedures performed upon the said plaintiff and in failing to obtain the informed consent of the plaintiff to said surgery" and charged that "the defendant hospital was under a duty to know and be aware of what its employees, agents and/or servants were doing and the nature of the treatment performed by them."

In a supplemental bill of particulars dated April 8, 1982, plaintiffs alleged that the Hospital was liable for the actions of defendant Dr. Trunfio, Carmella's treating physician, and further alleged that defendants failed to advise Carmella of her cut ureter and failed to render proper care for that condition.

In April 1982, the Hospital moved, pursuant to CPLR 3211 (a) (5) and/or 3212, for an order dismissing plaintiffs' complaint as barred by the Statute of Limitations. Plaintiffs cross-moved pursuant to CPLR 3211 (b) to strike the Hospital's affirmative defense of the Statute of Limitations on the ground of equitable estoppel, and for a further order permitting plaintiffs to serve an amended complaint nunc pro tunc to include a cause of action for fraud.

Special Term granted plaintiffs' cross motion to amend their complaint. On September 3, 1982 plaintiffs served an amended verified complaint alleging that defendants had intentionally, fraudulently and willfully failed to inform Carmella that she had suffered "an injury to her ureter on the left" while under their medical care, and had misrepresented to Carmella that her condition was due to other causes, and that she had relied upon such misrepresentations to her detriment. The Hospital, by its amended answer dated September 21, 1982, denied the essential allegations of the amended complaint and set forth the Statute of Limitations as an affirmative defense.

Plaintiffs' bill of particulars relating to the amended verified complaint alleged that defendants, their agents, servants or employees, were negligent and guilty of malpractice "in intentionally, fraudulently and willfully concealing and failing to inform the plaintiff CARMELLA VALENTI that she sustained an

injury and cutting of her ureter on the left during the surgery of November 27th, 1973 and by misrepresenting to said plaintiff that her condition was due to other causes * * * and that her condition and symptoms would improve with time; thereby lulling the plaintiff into a false sense of security; in intentionally concealing the injury to the plaintiff's ureter and in failing to keep adequate and accurate records of the plaintiff's condition and * * * in failing to supervise the medical, surgical and hospital care rendered to said plaintiff".

On October 17, 1983 the Hospital moved, pursuant to CPLR 3211 (a) (5), for an order dismissing plaintiffs' complaint as barred by the Statute of Limitations. Special Term denied the Hospital's motion without prejudice to renewal under CPLR 3212, stating, in part, that the motion to dismiss was improper since it was made after joinder of issue. Special Term further ruled that the prior order granting plaintiffs leave to amend to assert a cause of action for fraud was not dispositive of the validity of such a cause of action, noting that if the fraud cause of action was dismissed, the remaining causes of action for malpractice would be barred as untimely.

By notice of motion dated April 6, 1984, the Hospital moved for summary judgment on the ground that there existed no issues of fact which would sustain a finding that defendant Hospital had fraudulently concealed the nature and extent of the injuries allegedly sustained by Carmella by reason of defendants' medical malpractice during her admission of November 25 to December 9, 1973. By the order appealed from, Special Term denied the Hospital's motion for summary judgment upon the ground that there are issues of fact in dispute as to the relationship and conduct of the Hospital, vis-à-vis the patient, which could be resolved only upon a trial.

We disagree. There is palpably no evidence in the record to demonstrate that the Hospital or any of its employees fraudulently concealed the alleged malpractice of the doctor. Plaintiffs have not submitted an affidavit establishing fraud on the part of the Hospital's employees, nor is there any affidavit by a physician attesting to the alleged malpractice. At best, plaintiffs assert that they were informed by another doctor in March of 1979 that Carmella's ureter had been cut. No affidavit of that doctor has been submitted.

It is plain that the cause of action as pleaded is barred by the applicable Statute of Limitations. The alleged malpractice is stated to have occurred during Carmella's only admission to

the Hospital, from November 25 to December 9, 1973. This action was commenced six years later.

A plaintiff relying upon an exception to the general rule concerning claim accrual has the burden of proving the applicability of the exception. At the time Carmella allegedly sustained the injuries, the three-year Statute of Limitations was applicable, and it is undisputed that more than three years elapsed between the time of the alleged malpractice and the institution of the action. Accordingly, the burden is on the plaintiffs to establish either a cause of action for fraud or that by reason of the Hospital's fraud and misrepresentation, that defendant is estopped from pleading the statute.

The Court of Appeals, in *Simcuski v Saeli* (44 NY2d 442), laid down the applicable principles. In that case, in denying a motion to dismiss the complaint, the court found legally sufficient a fraud claim alleging in substance that the doctor, aware of an act of malpractice, had made a material, factual misrepresentation to the patient with respect to the subject matter on which the plaintiff had relied, to her damage, by not securing timely medical treatment for her condition. The court further ruled that an equitable estoppel relieving a plaintiff from the bar of the Statute of Limitations will arise if the plaintiff deferred commencing the action until after expiration of the statutory period because of reliance on fraudulent representations by a defendant concealing the fact of malpractice.

On this motion for summary judgment dismissing the complaint for fraudulent misrepresentations, the claims set forth in plaintiffs' papers are, plainly, legally insufficient to sustain a recovery. There is no factual basis set forth in the record for the claim that the Hospital made any independent representations prior or subsequent to the operation in which Carmella's ureter was allegedly cut. Nor is there any evidence for a claim that any alleged misrepresentations caused Carmella to defer securing appropriate medical treatment which would be required by her postoperative physical condition. The fraud alleged is an intentional tort. To establish such fraud, as pointed out in *Simcuski (supra)*, it must be shown that the Hospital knew or had reason to know of the malpractice and the injuries suffered by the plaintiff; second, it must be shown that, knowing them to be false at the time, the Hospital made material, factual misrepresentations to the plaintiff with respect to the subject matter of the malpractice and the therapy appropriate to its cure, on which the plaintiff justifiably relied;

third, all elements of the intentional fraud must be established by clear and convincing proof on motions for summary judgment under CPLR 3212. Evidentiary proof, in admissible form, must be tendered in support of all elements of the alleged cause of action. Here, no such proof is tendered. There is no showing by way of a doctor's affidavit that there was malpractice. Equally absent is a showing of anything in the Hospital record to demonstrate such malpractice. There are merely the hearsay statements of the plaintiffs and their attorney, relying on the advice allegedly given to Carmella by Dr. Gentile.

Moreover, plaintiffs' claim that by reason of the alleged misrepresentation, Carmella was prevented from obtaining appropriate medical care, is rebutted by her own testimony to the effect that between the time of her release from the Hospital and the institution of this action, she was in five other hospitals for treatment of the conditions of which she complained. There is no record of the findings of these hospitals or the nature of their treatment. It is obvious that Carmella's condition, whether caused by malpractice or otherwise, did not prevent her from seeking treatment.

There is nothing in this record to establish that defendant Hospital knew that Carmella's ureter was cut, if indeed it was cut, nor any representation made by defendant Hospital to the contrary. Plaintiffs' claim that Carmella was seen by a Hospital attending doctor on more than one occasion after the operation, but that they had no discussion whatsoever. In such circumstances, there is no evidence of the alleged malpractice or of any misrepresentation by the Hospital. There is no showing by plaintiffs that Carmella sustained a cut ureter during the hysterectomy, or that such occurrence was witnessed by the residents assisting, or that they subsequently assured Carmella that her symptoms were to be expected and would clear up within a reasonable period of time.

Fraudulent representations may be a basis for an independent action for fraud. They may also be a basis for equitable estoppel barring a defendant from invoking the Statute of Limitations (Simcuski v Saeli, 44 NY2d, at pp 448-449). In this case, plaintiffs have failed to provide a factual basis for either fraud causes of action or for an equitable estoppel. There are no factual issues raised by the pleadings or the papers submitted in opposition to the motion. Accordingly, the motion for summary judgment should have been granted. Concur—Kupferman, J. P., Sandler, Asch, Fein and Rosenberger, JJ.