■ BARBARA L. MALAVENDA, Respondent-Appellant, v NEW YORK TELEPHONE COMPANY et al., Respondents, and RICHARD H. HAMILTON, Appellant-Respondent.—Order of the Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered January

28, 1986, which, *inter alia,* denied defendant Richard H. Hamilton's motion for summary judgment, is unanimously modified, on the law, to grant defendant Hamilton's motion for summary judgment, and otherwise affirmed, without costs or disbursements.

Plaintiff, who worked for Empire City Subway Company, a subsidiary of defendant New York Telephone Company, was examined as part of a breast-screening program for employees. This program was operated by defendants Tuchfeld and Urso, who were employees of defendant New York Telephone. Plaintiff was examined on October 22, 1980, during which time mammograms were taken.

Defendant Hamilton, an independent radiologist, read the mammograms and issued his report on that same date. He had no contact with plaintiff and did not engage in any further consultation or treatment with respect to her. The summons and complaint were served upon him on May 2, 1983, although the Statute of Limitations expired on or before April 22, 1983 (CPLR 214-a). The Supreme Court denied defendant Hamilton's motion for summary judgment seeking to dismiss the action as time barred. It did so on the ground that there was an issue of fact as to the existence of an agency or other relationship which would impute the continued treatment by codefendants Tuchfeld and Urso and their employer New York Telephone to defendant Hamilton, thereby tolling the statute. We disagree.

Plaintiff had the burden of showing that defendant Hamilton was more than an independent contractor with respect to his codefendants. She was relying upon an exception to the general rule concerning claim accrual and, therefore, was required to establish the applicability of the exception *(Valenti v Trunfio,* 118 AD2d 480, 483). She failed to sustain this burden by not coming forward with proof of an agency or other relationship which would raise an issue of fact with respect to continuous treatment. The hearsay affirmation of counsel in opposition to defendant's application for summary judgment cannot be relied upon to demonstrate the existence of a triable issue of fact. Further, plaintiff never claimed, in the alternative, that such evidence existed and that there was a strong likelihood of obtaining it upon discovery. Since plaintiff did not demonstrate the existence of a factual issue or tender an acceptable excuse for her failure to do so, it was error to deny defendant's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 563). Concur—Murphy, P. J., Sandler, Carro, Asch and Rosenberger, JJ.