■ AGRI FINANCE, INC., et al., Respondents, v RICHARD SENTER, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered March 30, 1983 in Rensselaer County, upon a decision of the court at Trial Term (Farano, J.), without a jury.

Plaintiff Agri Finance, Inc. (Agri) was, as assignee of plaintiff Rytman Grain Company, Inc. (Rytman), given the right to collect moneys due for grain and feed delivered to defendant, a dairy farmer, by Rytman. Agri sued defendant for an account stated in the sum of $4,273.86. During trial, the court allowed Agri to amend its pleadings to set forth a claim for goods sold and delivered. The court also, *sua sponte,* amended the pleadings to add Rytman as a party plaintiff. At the close of the evidence, the trial court held that plaintiffs had proven both causes of action, that is, for an account stated and for goods sold and delivered. Judgment was accordingly rendered for plaintiffs.

Defendant contends on this appeal that the proof adduced at trial was inadequate to prove an account stated. We disagree. The record discloses that Rytman delivered grain and feed to defendant between April 3, 1976 and November 1, 1976. Defendant disputed the delivery of two or three shipments. He did acknowledge receipt of the others and admitted his failure to pay for them. Defendant received monthly statements of his account with Rytman which he did not contest. After the account was assigned to Agri on December 10, 1976, defendant made a $200 payment on his account in January, 1977, thereby reducing the amount due to the sum now being sued for. This $200 payment was made despite defendant's assertion that he had not received any monthly statement after September, 1976. Where a debtor remits partial payment on a previously disputed account, such payment represents an acknowledgment of the bill's validity and establishes it as an account stated (*Parker Chapin Flattau & Klimpl v Daelen Corp.,* 59 AD2d 375, 378). The partial payment was correctly construed by the trial court as an admission of indebtedness justifying its award of judgment to plaintiffs.

We likewise find no merit in defendant's contention that the trial court erred in amending the pleadings to add a cause of action for goods sold and delivered and in adding Rytman as a party plaintiff in the suit. Leave to amend a pleading is a matter of sound discretion for the trial court. Absent prejudice or surprise to the opposing party, applications are granted liberally (*Harbor Assoc. v Asheroff,* 35 AD2d 667, mot for lv to app den 27 NY2d 490). Here, defendant was not prejudiced by the amendment in that the cause of action was based on the same facts as

those stated in the original complaint. Only an additional theory of recovery was asserted. Concededly, Agri failed to submit an affidavit providing an explanation for its delay in seeking an amendment or a statement of the action's merit, which is normally a prerequisite for granting an amendment. However, where defendant neither disputes the price of goods nor their delivery, the amended complaint appears to be of merit on its face. In the absence of prejudice to defendant, as here, the amendment was properly granted.

We also find that the trial court did not err in adding Rytman as a party plaintiff. It is evident that defendant understood the nature of the litigation from the outset, i.e., that Agri was acting in a representative capacity for Rytman and was suing defendant based on the assignment from Rytman. Under these circumstances, the trial court acted within its inherent power to conform the pleadings to the proof pursuant to CPLR 3025 (subd [c]).

We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.