■ LAKE ONTARIO PRODUCTION CREDIT ASSOCIATION OF ROCHESTER, Appellant, v PARTNERSHIP OF CHESTER S. GROVE and Others, et al., Respondents. (Appeal No. 1.)—Judgment modified on the law and as modified affirmed with costs to plaintiff against defendant Milleville, in accordance with memorandum. All concur, Callahan, J. P., not participating. Memorandum: In this action to enforce its security interest in certain livestock, plaintiff seeks $10,000 damages for defendant Milleville's conversion of 12 cows purchased by him from the debtors and, in addition, seeks to trace the proceeds of the sale into the hands of defendant Grove, Hogan, the debtors' lawyer. Plaintiff appeals from a judgment entered in favor of both defendants, as well as from a posttrial order sustaining that judgment. Plaintiff contends that the court erred in directing judgment in favor of defendant Grove, Hogan and in refusing to grant plaintiff judgment against defendant Milleville notwithstanding the jury verdict in his favor. We modify

to grant plaintiff judgment as a matter of law on its conversion claim against defendant Milleville, but affirm the judgment rendered in favor of defendant Grove, Hogan.

With respect to plaintiff's claim against Milleville, the record unequivocally establishes that plaintiff had a perfected security interest in the debtors' cattle and that Milleville's purchase of the 12 cows was subject to that security interest (see, UCC 9-201, 9-303, 9-306 [2]; 9-401 [1] [a]). "[A] security interest continues in collateral notwithstanding sale" (UCC 9-306 [2]), and the secured creditor may maintain an action for conversion against the transferee (see, UCC 9-306, Comment 3; see generally, 53 NY Jur, Secured Transactions, § 214). Milleville did not take free of plaintiff's security interest because a check of the record and a diligent inquiry would have revealed that the sale was inconsistent with the terms of the security agreement (see, UCC 1-201 [9]; 9-301 [1] [c]; 9-307 [1]) and because, in any event, Milleville was a purchaser of farm products from one engaged in farming operations (see, UCC 9-109 [3]; 9-307 [1]).

Milleville's defense, evidently accepted by the jury, was that plaintiff authorized the sale of the cows by a prior course of dealing, viz., that plaintiff waived its security interest in the cows or was estopped from asserting it as a result of its failure to object to the debtors' prior sales of collateral (see, UCC 9-306 [2]). The jury verdict is against the weight of the evidence. It is questionable that plaintiff's acquiescence in prior sales, even if it established a course of dealing between the parties, could vary or waive an express "no sale" restriction in the security agreement (see, General Obligations Law § 15-301 [1]; UCC 1-205 [4]; see also, Wabasso State Bank v Caldwell Packing Co., 308 Minn 349, 251 NW2d 321; Tri-State Livestock Credit Corp. v Ellsworth, 722 F2d 1448, 1450-1451). In any case, although there is proof in the record that plaintiff may have known of a few prior sales of "cull" cows, there is no proof that plaintiff acquiesced in the sale of valuable animals such as those purchased by Milleville. Plaintiff's failure to object to the prior sales of "cull" cows does not constitute either an authorization to sell valuable cows or a waiver of its security interest in the specific cows sold to Milleville. Similarly, there is insufficient proof to make out an estoppel since there was no testimony that the debtors sold the cows or that Milleville purchased them in good-faith reliance upon plaintiff's failure to object to prior sales. Consequently, Milleville is liable to plaintiff on its claim for conversion.

The court properly granted judgment as a matter of law to

defendant Grove, Hogan, which received the proceeds of the sale of the cows from the debtors as payment for legal services. Article 9 of the Uniform Commercial Code and the Comments thereto make clear that, with exceptions not applicable herein, the secured party can trace the proceeds from the unauthorized sale of collateral only insofar as they remain in the hands of the debtor (see, UCC 9-306 [1], [2]; UCC 9-306, Comments 1, 2 [c]). Since Grove, Hogan received the proceeds in the ordinary course of the debtors' business and in exchange for value, the law firm took free of any claim by plaintiff. (Appeal from judgment of Supreme Court, Niagara County, Cook, J.—conversion.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.