▆▆▆ HERITAGE COMPANY OF MASSENA, Respondent, v ANTHONY C. LAVALLE, Appellant. [605 NYS2d 613] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We find no merit to defendant's contention that Supreme Court abused its discretion in granting the motion of plaintiff The Heritage Company of Massena (plaintiff) to amend the complaint to add additional parties plaintiffs. Where, as here, the record fails to establish prejudice or surprise to the opposing party, leave to amend should be freely granted (see, CPLR 3025 [b]; Agri Fin. v Senter, 105 AD2d 560). We agree, however, with defendant that Supreme Court erred in failing to grant his motion to dismiss the complaint against him by plaintiff. The partnership agreement provided that, except in the ordinary course of business, no litigation may be commenced unless there is an affirmative vote of 75% of the partnership interests. It is undisputed that the present action was not commenced in the ordinary course of business and was approved by a vote of only 55.45% of the partnership interests. The partnership agreement therefore bars the partnership from commencing the present action against defendant. Because the detailed partnership agreement is a complete expression of the partners' intentions, we cannot, as plaintiff suggests, rewrite the agreement to disqualify defendant from voting on this partnership decision.

Consequently, we modify Supreme Court's order by granting

defendant's motion to dismiss the complaint against him by plaintiff. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Complaint.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.