■ NOANJO CLOTHING, INC., Appellant, v L & M KIDS FASHION, INC., Defendant, and JACK BLAT et al., Respondents. [615 NYS2d 747] —In an action, *inter alia,* to foreclose on a security agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 12, 1992, as granted the motion of the defendants Jack Blat and Paula Blat for summary judgment dismissing the complaint as asserted against them individually, and denied those branches of the plaintiff's cross motion which were for leave to amend the complaint so as to allege (1) a second cause of action against the defendants Jack Blat and Paula Blat to recover damages for intentional interference with contract, and (2) a third cause of action against the defendant Jack Blat to recover damages for breach of a personal guarantee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, those branches of cross motion which were for leave to serve an amended complaint alleging a second cause of action against Jack Blat and Paula Blat to recover damages for intentional interference with contract, and a third cause of action against Jack Blat to recover damages for breach of a personal guarantee, are granted, and the plaintiff's time to serve an amended complaint is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

While a court has broad discretion in deciding whether leave to amend should be granted, it is considered an improvident exercise of discretion to deny such leave absent an inordinate delay and a showing of prejudice, and the merits of a proposed amendment will not be examined on the motion to amend unless the insufficiency or lack of merit is clear and free from doubt *(see, Courageous Syndicate v People-To-People Sports Comm.,* 141 AD2d 599). Here, there is no indication of delay or prejudice, and there may be merit to the proposed second cause of action, since a cause of action against individual officers of a corporation may lie to recover damages for wrongful diversion of inventory pledged under a security agreement made by the corporation *(see,* UCC 9-205, 9-503; *Lake Ontario Prod. Credit Assn. v Partnership of Grove,* 138 AD2d 930; *Schmidt & Sons v S.D.S. Dist. Corp.,* 95 AD2d 843; *In re Nelson v Nelson,* 67 Bankr 491), and the record contains evidence that conversion of collateral may have occurred. Additionally, we find that the proposed amended verified complaint sets forth a viable third cause of action alleging that the defendant Jack Blat breached his personal guarantee of payment for goods received and accepted by the defendant corporation after September 11, 1989. Since valid causes of action lie against the individual defendants, the court erred in granting the motion for summary judgment dismissing the complaint as asserted against them, and should have granted the plaintiff's cross motion for leave to amend its complaint. Bracken, J. P., Miller, Copertino and Altman, JJ., concur.