■ T.F. DEMILO CORPORATION, Appellant, v E.K. CONSTRUCTION Co., INC., et al., Respondents. [616 NYS2d 240] —In an

action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Brucia, J.), entered September 15, 1992, which, *inter alia,* (1) granted the motion of the defendant sureties to dismiss the action insofar as it is asserted against them, (2) denied its motion for summary judgment, or in the alternative, partial summary judgment, for $40,000 allegedly due under a settlement agreement, and (3) granted the motion of the defendant E.K. Construction Co., Inc., for permission to serve a supplemental pleading to add a counterclaim for specific performance.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted the motions of the sureties for summary judgment and the motion of the defendant E.K. Construction Co., Inc., for leave to serve a supplemental pleading, and substituting therefor provisions denying those motions; and as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the respondents appearing separately and filing separate briefs.

Material issues of fact exist regarding the sureties' obligation to the plaintiff pursuant to the terms of the payment bond, precluding the granting of summary judgment *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). We further find that the proposed amended answer of the defendant E.K. Construction Co., Inc., which includes a counterclaim for specific performance, is lacking in merit, and leave to amend should not have been granted *(see,* CPLR 3025 [b]). Specific performance is not available as a remedy for breach of contract where, as here, there is an adequate remedy at law (i.e., money damages) *(see, Muller v Muller,* 266 NY 68; 96 NY Jur 2d, Specific Performance, § 8).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Altman, Friedmann and Krausman, JJ., concur.