■ LESHAWN ROBERTS et al., Respondents, v ALEXANDER'S, INC., et al., Appellants. [639 NYS2d 60] —In an action to recover damages for personal injuries, etc., the defendant Alexander's, Inc., appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 7, 1994, as denied the branch of its motion which was for leave to serve an amended answer to include discharge in bankruptcy and res judicata as affirmative defenses. The defendant Schindler Elevator Corporation separately appeals from so much of the same order as denied the branch of its motion which was to include release or covenant not to sue as an affirmative defense.

Ordered that the appeal of Schindler Elevator Corporation is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the appellant Alexander's, Inc., as a matter of discretion, the motion of Alexander's, Inc., for leave to serve an amended answer is granted, and the proposed amended answer is deemed served; and it is further,

Ordered that the appellant Alexander's, Inc., is awarded one bill of costs.

The defendant Alexander's, Inc. (hereinafter Alexander's), moved pursuant to CPLR 3025 (b) for leave to serve an amended answer to include as affirmative defenses that the United States Bankruptcy Court for the Southern District of New York discharged it from any claim and any debt incurred before the confirmation of its plan of reorganization, and that the determination of that court was res judicata as to the action in this case. The court improvidently exercised its discretion in denying the motion. "It is well [settled] that leave to amend shall be freely given pursuant to CPLR 3025 (b), absent prejudice or surprise" *(Girardin v Town of Hempstead,* 209 AD2d 668). "While a court has broad discretion in deciding whether leave to amend should be granted, it is considered an improvident exercise of discretion to deny such leave absent an inordinate delay and a showing of prejudice, and the merits of a proposed amendment will not be examined on the motion to amend unless the insufficiency or lack of merit is clear and free from doubt" *(Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436, 437).

Since the issue of whether the plaintiffs had sufficient notice of the underlying bankruptcy proceedings is a matter within the subject matter jurisdiction of the State courts, the plaintiffs may raise the issue at trial and may challenge the effect of the alleged discharge in bankruptcy at that time *(see, Corsale v Pantry Pride Supermarket,* 197 AD2d 659, 661). Thus, the plaintiffs would not be prejudiced by allowing Alexander's to amend its answer to include discharge in bankruptcy and res judicata as affirmative defenses *(see, Corsale v Pantry Pride Supermarket, supra; Polow v Quiros,* 128 AD2d 763). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.