[641 NYS2d 742]

Ford Motor Credit Company, Appellant, v State of New York, Respondent.

Third Department, May 2, 1996

## APPEARANCES OF COUNSEL

*Deily, Testa, Dautel, L. L. P.,* Albany *(Susan S. Dautel* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Dennis Hurley* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Claimant seeks to recover more than $400,000 paid to the State in several payments over a two-week period by Miller Lincoln-Mercury, Inc. (hereinafter Miller) to satisfy an existing sales tax liability. The claim alleges that the money paid to the State constituted the proceeds of sales of vehicles by Miller and that pursuant to a duly filed security agreement, claimant had a perfected security interest in the vehicles sold by Miller and in the proceeds of the sales. The Court of Claims granted the State's motion to dismiss the claim for failure to state a cause of action and denied claimant's cross motion for permission to file a late claim.

On its appeal, claimant contends that the money paid to the State by Miller constituted "identifiable cash proceeds" which remained subject to claimant's prior perfected and superior security interest (UCC 9-306 [3] [b]). The State contends that, as a matter of law, the money paid by Miller to satisfy its sales tax liability cannot be "identifiable cash proceeds". We agree with the State.

The parties essentially agree that the relevant principles are contained in UCC 9-306, Comment 2 (c), which states: "Where cash proceeds are covered into the debtor's checking account and paid out in the operation of the debtor's business, recipients of the funds * * * take free of any claim which the secured party may have in them as proceeds. What has been said relates to payments and transfers in ordinary course. The law of fraudulent conveyances would no doubt in appropriate cases support recovery of proceeds by a secured party from a transferee out of ordinary course or otherwise in collusion with the debtor to defraud the secured party."

The State contends that the payments by Miller to satisfy its existing sales tax liability fall squarely within the principle set forth in the first sentence of the Comment set forth above *(see, Lake Ontario Prod. Credit Assn. v Partnership of Grove,* 138 AD2d 930, 932, *lv denied* 72 NY2d 806). Claimant argues that the payments by Miller were not in the ordinary course of

Miller's business and, therefore, the claim is sufficient to survive a motion to dismiss. There can be little doubt, however, that Miller incurred the sales tax liability in the ordinary course of its business (*see*, Tax Law § 1132 [a]), and we see no reason not to consider Miller's payments in satisfaction of a liability incurred in the ordinary course of its business as also in the ordinary course of its business. Absent from the claim are any allegations to demonstrate that the payments were fraudulent conveyances (*see*, Debtor and Creditor Law § 270 *et seq.*) or that the State acted in collusion with Miller to defraud claimant. In these circumstances, we conclude that as a matter of law the State took Miller's payments free and clear of any claim by claimant (*see*, *Lake Ontario Prod. Credit Assn. v Partnership of Grove, supra*, at 932).

As to claimant's argument that the claim states a cause of action based upon constructive trust, it is undisputed that the claim alleges none of the four factors for imposition of a constructive trust identified in *Sharp v Kosmalski* (40 NY2d 119, 121). Although the Court of Appeals subsequently recognized that the constructive trust doctrine is not "rigidly limited" to the four factors (*Simonds v Simonds*, 45 NY2d 233, 241), the essential element of unjust enrichment must be established (*see, supra*, at 242). There are no allegations in the claim to demonstrate that Miller's payments to the State were made under such circumstances that in equity and good conscience the State should not retain the money in satisfaction of Miller's sales tax liability.

The Court of Claims correctly dismissed the claim and denied the relief requested by claimant.

CARDONA, P. J., WHITE, PETERS and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.