■ BANFI PRODUCTS CORPORATION, Plaintiff, v FRANK GENTILE et al., Defendants. (Action No. 1.) ROBERT MUSOROFITI et al.,

Appellants, v Banfi Products Corporation, Respondent. (Action No. 2.) [653 NYS2d 647] —In two related actions involving disputes between an employer and former employees to recover, *inter alia*, in Action No. 1 damages for breach of fiduciary duties and in Action No. 2 severance pay, the plaintiffs in Action No. 2 appeal from an order of the Supreme Court, Nassau County (Levitt, J.), entered July 24, 1995, which denied their motion for leave to serve an amended complaint.

Ordered that the order is modified by deleting the provision thereof denying the branch of the motion by the plaintiffs in Action No. 2 which was for leave to serve an amended complaint so as to include a cause of action seeking to recover the cash surrender value of certain life insurance policies, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

While a court has broad discretion in deciding whether leave to amend should be granted, it is an improvident exercise of discretion to deny leave so as to assert an otherwise apparently meritorious cause of action absent an inordinate delay *and* a showing of prejudice (*see, Noanjo Clothing v L & M Kids Fashions*, 207 AD2d 436; *Hauptman v New York City Health & Hosps. Corp.*, 162 AD2d 588), or where the party opposing the motion to serve an amended pleading cannot demonstrate prejudice resulting directly from the delay (*see, Cutwright v Central Brooklyn Urban Dev. Corp.*, 127 AD2d 731; *Murray v City of New York*, 43 NY2d 400; *cf., Felix v Lettre*, 204 AD2d 679; *Bertan v Richmond Mem. Hosp. & Health Ctr.*, 106 AD2d 362). As the defendant in Action No. 2 has admitted that the assertion of this cause of action will not result in undue prejudice and delay, it was an improvident exercise of discretion to deny that branch of the appellants' motion which was for leave to amend the complaint to include a cause of action for the cash surrender value of certain life insurance policies. This cause of action is not barred by the Statute of Limitations as the date of its interposition relates back to the date that the claims raised in the original pleading were interposed (*see*, CPLR 203 [f]).

The appellants' remaining contentions are without merit. Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.