■ RAYMOND JACKSON et al., Respondents, v CITY OF NEW YORK, Appellant. [674 NYS2d 721] —In an action to recover dam-

ages for personal injuries, etc., the defendant City of New York appeals (1) from an order of the Supreme Court, Queens County (Price, J.), dated May 1, 1997, which granted the plaintiffs' motion for leave to renew its prior motion for summary judgment dismissing the complaint, and, upon renewal, denied the motion and restored the action to the trial calendar, and (2), as limited by its brief, from so much of an order of the same court, dated October 22, 1997, as, upon granting its motion for renewal of the plaintiffs' motion for leave to renew, adhered to so much of its determination dated May 1, 1997, as denied the dismissal of the common-law negligence cause of action.

Ordered that the appeal from the order dated May 1, 1997, is dismissed, as that order was superseded by the order dated October 22, 1997, made upon renewal; and it is further,

Ordered that the order dated October 22, 1997, is reversed insofar as appealed from, on the law, upon renewal, the appellant's motion for summary judgment is granted in its entirety, and the complaint is dismissed; and it is further,

Ordered that the order dated May 1, 1997, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff Raymond Jackson, a New York City police officer, was allegedly injured when he fell on a public sidewalk while attempting to apprehend a suspect. The complaint, inter alia, asserted a cause of action to recover damages pursuant to General Municipal Law § 205-e, based on the failure of the appellant to comply with, among other things, Administrative Code of the City of New York § 7-201 (c) (2). By order dated January 5, 1996, the Supreme Court, inter alia, granted the appellant's motion for summary judgment dismissing the complaint. The plaintiffs appealed to this Court from so much of the order as dismissed the cause of action to recover damages pursuant to General Municipal Law § 205-e.

While that appeal was pending, the plaintiffs moved for leave to renew the appellant's motion for summary judgment dismissing the complaint. By order dated May 1, 1997, the Supreme Court granted renewal and, upon renewal, denied the appellant's motion for summary judgment and restored the action to the trial calendar.

By decision and order dated June 30, 1997, this Court affirmed, insofar as appealed from, the order dated January 5, 1996, which dismissed the plaintiffs' cause of action to recover damages pursuant to General Municipal Law § 205-e. Upon

granting the appellant's motion for renewal of the plaintiffs' motion, the Supreme Court, by order dated October 22, 1997, adhered to the determination in the order dated May 1, 1997, denying the dismissal of the plaintiffs' cause of action to recover damages for common-law negligence.

The Supreme Court erred in reinstating the plaintiffs' cause of action to recover damages for common-law negligence. General Obligations Law § 11-106, which partially abrogated the firefighter's rule, applies only where the police officer or firefighter's "injury, disease or death is proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, *other than that police officer's or firefighter's employer or co-employee*" (emphasis supplied).

The firefighter's rule continues to bar a police officer or firefighter from bringing a common-law negligence cause of action against his or her employer *"where the performance of the police officer's or firefighter's duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury"* (*Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 439 [emphasis in the original]). Thus, recovery for damages in common-law negligence may not be had "where *some* act taken *in furtherance of* a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 439 [emphasis supplied]).

Here, the plaintiffs allege that Officer Jackson was injured when he tripped and fell while attempting to apprehend a suspect. Accordingly, the plaintiffs' cause of action to recover damages for common-law negligence by the appellant is barred (*cf., Schembri v City of New York,* 240 AD2d 722). Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.