■ WILLIAM GALE et al., Appellants, v RUNNING BROOK BUILDERS, INC., Defendant and Third-Party Plaintiff-Respondent, and EZE EQUIPMENT COMPANY, INC., Respondent. LAWN MASTERS, INC., Third-Party Defendant-Respondent. [690 NYS2d 89] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Westchester County (Fredman, J.), entered April 8, 1998, as (a) granted those branches of the respective motions of the defendant third-party plaintiff Running Brook Builders, Inc., the defendant EZE Equipment Company, Inc., and the third-party defendant Lawn Masters, Inc., which were for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 240 (1), and (b) denied their cross motion for summary judgment on the cause of action under Labor Law § 240 (1) and for leave to amend their bill of particulars to assert a cause of action to recover damages for violation of 12 NYCRR 23-1.7 (d), and (2) an order of the same court, entered June 26, 1998, as denied that branch of their motion which was, in effect, for reargument.

Ordered that the appeal from the order entered June 26, 1998, is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the order entered April 8, 1998, is modified by deleting the provision thereof granting those branches of the motions which were for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 240 (1) and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, and so much of the complaint as asserted a cause of action under Labor Law § 240 (1), is reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff William Gale (hereinafter the plaintiff) was employed by the third-party defendant Lawn Masters, Inc., to hydroseed a 33-home construction project in Cortland, New York. Hydroseeding consists of mixing water, grass seed, and mulch in a tank and then spraying this mixture, under pressure, onto the area where grass growth is intended. The plaintiff was injured when he fell off the back of the truck upon which the tank was mounted. He and his wife brought this action against the owner of the development site, the defendant third-party plaintiff Running Brook Builders, Inc. (hereinafter Running Brook), and the contractor, the defendant EZE Equipment Company, Inc. (hereinafter EZE), claiming violations of

Labor Law §§ 200, 240 (1), and § 241 (6). Running Brook, EZE, and the third-party defendant Lawn Masters, Inc., moved for summary judgment dismissing the complaint.

Contrary to the Supreme Court's determination that the plaintiffs failed to demonstrate that hydroseeding was an integral and necessary part of the subject construction project, we find that the evidence was sufficient to establish that the hydroseeding was a part of the over-all site construction, and as such, falls under the ambit of Labor Law § 240 (1) (*see, Lombardi v Stout,* 80 NY2d 290; *Gavin v Long Is. Light. Co.,* 255 AD2d 551).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to amend their bill of particulars (*see, Banfi Prods. Corp. v Gentile,* 236 AD2d 348).

We note that although the plaintiffs' characterized their subsequent motion as one for reargument and renewal, when a motion to renew is predicated upon information which could have been raised at the time of the original motion and was not, and the plaintiffs fail to offer an excuse as to why this was not done, such a motion will be deemed a motion to reargue, the denial of which is not appealable (*see, Carson v New York City Tr. Auth.,* 237 AD2d 242). S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.