[699 NYS2d 12]

WILLIAM GROGAN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.

First Department, November 23, 1999

APPEARANCES OF COUNSEL

*Judith E. Accardi* of counsel (*Cary M. Tanzman* on the brief; *Tanzman & Cerbone,* attorneys), for respondent.

*Julian L. Kalkstein* of counsel (*Larry A. Sonnenshein* and *Barry Schwartz* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for appellant.

## OPINION OF THE COURT

SULLIVAN, J. P.

The question on this appeal is whether, under General Obligations Law § 11-106, which permits a right of action for police officers and firefighters injured by the negligence or intentional conduct of any person except an employer or coemployee, a New York City police officer may sue the City of New York, not in its capacity as his employer, but rather in its capacity as owner of the premises abutting the sidewalk on which he was injured.

Plaintiff was allegedly injured when, while in pursuit of a suspect, he slipped and fell on an icy and broken sidewalk abutting City-owned property. In an order entered May 29, 1998, the IAS Court, *inter alia*, granted plaintiff's application for leave to reargue a July 5, 1996 decision granting the City's motion for summary judgment dismissing the complaint and reinstated the complaint based on an intervening change in the law. Noting General Obligations Law § 11-106, enacted October 9, 1996 and applicable to all actions pending on that date, which permits a right of action for police officers and firefighters injured by the negligence or intentional conduct of any person, except an employer or coemployee (L 1996, ch 703, §§ 5, 6; *see, Gonzalez v Iocovello*, 93 NY2d 539, 549), the court allowed plaintiff's negligence claim to go forward. The court reasoned that since such claim lies against the City as owner of the premises at issue and not as plaintiff's employer, it is removed from the employer/coemployee exception to the statute. We disagree.

Under the common-law rule known as the firefighter's rule, firefighters and police officers could not recover damages against property owners "for injuries resulting from the particular dangers associated with the performance of their duties." (*Cooper v City of New York*, 81 NY2d 584, 588, citing *Santangelo v State of New York*, 71 NY2d 393, 397-398.) In 1996,

however, the Legislature enacted General Obligations Law § 11-106, which partially abolishes the firefighter's rule and, as noted, permits a right of action for firefighters and police officers injured in the course of their duties by the negligence or intentional conduct of persons other than their employers or coemployees.* Thus, the statute specifically precludes the assertion of a common-law negligence cause of action against the employee's municipal employer. (*Plunkett v Emergency Med. Servs. Corp.*, 260 AD2d 193.)

Plaintiff argues that while the City cannot be held liable as his employer, he can recover from the City in its capacity as owner of the premises abutting the sidewalk. The clear and unequivocal language of the statute affords no basis for drawing the distinction plaintiff makes so as to interpret the statute to permit claims against the employer when sued in another capacity. Section 11-106 (2) precludes claims against the employer, generally and without exception, not just claims against the employer in its capacity as such.

*Jackson v City of New York* (251 AD2d 457) is consistent with this conclusion. In *Jackson*, in which plaintiff police officer was allegedly injured when he fell on a public sidewalk while attempting to apprehend a suspect, he asserted a negligence claim against the City as owner of the sidewalk. The Second Department rejected the argument that General Obligations Law § 11-106 bars ordinary negligence actions against a municipal employer only where the municipality is sued as the employer of the injured firefighter or police officer and granted summary judgment to the City, noting that General Obligations Law § 11-106 applies only where the " 'injury

---

* General Obligations Law § 11-106 provides:

"1. In addition to any other right of action or recovery otherwise available under law, whenever any police officer or firefighter suffers any injury, disease or death while in the lawful discharge of his official duties and that injury, disease or death is proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that police officer's or firefighter's employer or co-employee, the police officer or firefighter suffering that injury or disease, or, in the case of death, a representative of that police officer or firefighter may seek recovery and damages from the person or entity whose neglect, willful omission, or intentional, willful or culpable conduct resulted in that injury, disease or death.

"2. Nothing in this section shall be deemed to expand or restrict the existing liability of an employer or co-employee at common-law or under sections two hundred five-a and two hundred five-e of the general municipal law for injuries or death sustained in the line-of-duty by any police officer or firefighter."

\* \* \* is proximately caused by the neglect \* \* \* or culpable conduct of any person or entity, *other than that police officer's or firefighter's employer or co-employee* " (*supra,* at 459 [emphasis in original]).

The New York State Senate Memorandum in Support of the 1996 legislation states that while the addition of this section abolishes the firefighter's rule and restores the rights of police officers and firefighters to recover for on-duty injuries, it "also acknowledges the additional costs that would be imposed upon municipal employers through liability awards" and thus exempts the injured party's employer from the abolition of the firefighter's rule. (1996 McKinney's Session Laws of NY, at 2365.) The Memorandum notes that the employer exemption is "an acknowledgment of the current financial plight of the State's municipalities." (*Ibid.*) In view of the fiscal considerations underlying the employer exemption, there is no basis for concluding that the statute was intended to expand the common-law liability of municipalities.

The Governor's Memorandum of Approval of the 1996 legislation supports the conclusion that section 11-106 was not intended to afford an injured police officer a cause of action against the City for negligent maintenance of City-owned property. In approving the legislation, the Governor, also focusing on fiscal concerns, stated, in relevant part, "[T]he fiscal consequences for municipalities under this bill will be appreciably lower [than those under a bill he vetoed the preceding year which would have completely abolished the firefighter's rule], largely because the 'firefighters' rule' will continue to bar ordinary negligence claims against both the municipalities employing firefighters and police officers and their fellow officers." (Govenor's Mem Approving L 1996, ch 703, 1996 McKinney's Session Laws of NY, at 1935.) With regard to public policy considerations, the Memorandum states, "The justification for the 'firefighters' rule' is based on public policy considerations: because firefighters and police officers are specially trained and compensated to deal with the dangers attendant to their respective professions, when they are injured by negligent actions they should not be permitted to sue the government or the private citizens they serve whose tax dollars fund the special training and benefits they receive. Although this rationale has considerable force with respect to negligence claims against the governmental entities employing

firefighters and police officers, it does not justify barring firefighters and police officers from recovering damages when they are injured or killed as a result of the negligence of private parties." (*Ibid.*)

In addition, the Memorandum noted that the bill would result in positive fiscal consequences for municipalities: "When firefighters and police officers are injured in the line-of-duty by the negligent conduct of private parties, their municipal employers must pay all medical and hospital costs and must continue to make salary or disability payments. The municipal employer, however, has only a limited right to sue the negligent party to obtain reimbursement for the sums it has expended for salary and disability payments and medical and hospital costs—the municipality can sue for reimbursement only if the firefighter or police officer can sue the negligent party. By broadening the right of firefighters and police officers to sue those whose negligence causes them to suffer injury or death, the bill broadens the right of municipalities to obtain reimbursement." (*Id.*, at 1936.)

Finally, with respect to the appeal from a subsequent January 7, 1999 order denying the City's motion for reargument, we note that, while defendant denominated the motion as one for reargument and renewal, the motion was actually one for reargument. It is based not on any additional facts but rather, primarily, on an intervening change in the law, i.e., cases decided after the prior motion had been determined. (*See, e.g., Safina v Queens Long Is. Med. Group*, 241 AD2d 444; *see also, Matter of Barnes [Council 82]*, 235 AD2d 826.) No appeal lies from an order denying reargument. (*Supra.*)

Accordingly, the order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 29, 1998, which, *inter alia*, denied defendant City of New York's motion for summary judgment dismissing the complaint, should be reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it. The appeal from the order, same court and Justice, entered January 7, 1999, denying defendant City's motion for reargument (improperly denominated a motion to renew and reargue a prior order), should be dismissed, without costs or disbursements, as taken from a nonappealable order.

NARDELLI, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered May 29, 1998, reversed, on the law, without costs or disbursements, and the motion by defendant-appellant for summary judgment dismissing the complaint granted. Appeal from order, same court, entered January 7, 1999, dismissed, without costs or disbursements, as taken from a nonappealable order.