■ PATRICK REILLY et al., Appellants, v CITY OF NEW YORK, Respondent. [706 NYS2d 124] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated April 29, 1998, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for leave to amend the complaint so as to assert a cause of action pursuant to General Municipal Law § 205-a.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the motion; as so modified, the order is affirmed, without costs or disbursements, and the time to serve the amended complaint is extended until 30 days after service upon the plaintiffs of a copy of this decision and order with notice of entry.

The Supreme Court properly dismissed the plaintiffs' cause of action to recover damages based upon a theory of common-law negligence (*see,* General Obligations Law § 11-106; *Sclafani v City of New York,* 271 AD2d 430 [decided herewith]; *Shelton v City of New York,* 256 AD2d 611; *Jackson v City of New York,* 251 AD2d 457).

However, we find that the court improvidently exercised its discretion in refusing to allow the plaintiffs to amend the complaint so as to assert a cause of action under General Municipal Law § 205-a. The defendant did not oppose the cross motion for leave to amend on the ground relied upon by the court. In any event, leave to amend a complaint in order to add a cause of action based on General Municipal Law § 205-a may be granted even when such a cause of action is not specifically mentioned in the notice of claim (*see, Simons v City of New York,* 252 AD2d 451). Bracken, J. P., Sullivan, Thompson and S. Miller, JJ., concur.