■ PETER J. SCLAFANI, Appellant, v CITY OF NEW YORK, Respondent. [706 NYS2d 129] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Garson, J.), dated April 2, 1998, which denied his motion for leave to amend the complaint asserted under General Municipal Law § 205-e so as to identify the rules violated by the defendant City of New York which allegedly resulted in the injuries, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, the motion is granted, the cross motion is denied, and the complaint is reinstated.

In an action to recover damages under General Municipal Law § 205-a, the pleadings must specify or identify the statutes, ordinances, rules, orders, or requirements with which the defendant allegedly failed to comply, describe the manner in which the plaintiff's injuries occurred, and must set forth the facts from which it may be inferred that the defendant's negligence directly or indirectly caused harm to the plaintiff (*see,* General Municipal Law § 205-a [1]; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441, citing *Brophy v*

*Generoso,* 137 AD2d 478, 479). The failure to satisfy the pleading requirements in either the complaint or the bill of particulars renders the cause of action legally insufficient (*see, Brophy v Generoso, supra; Cramer v Nuccitelli,* 2 Misc 2d 508).

Here, the original complaint, amplified by the bill of particulars, was legally insufficient to satisfy the pleading requirements of General Municipal Law § 205-e. However, it is apparent from the pleadings that the plaintiff was indeed seeking recovery under that statute, notwithstanding his failure to identify any specific violation of the Building Code. As such a claim would relate back to the original complaint (*see, Melendez v City of New York,* 271 AD2d 416 [decided herewith]), the Supreme Court incorrectly concluded that the claim was time-barred and that it was without the discretion to grant leave to amend.

We find that leave to amend should be granted here. "While a court has broad discretion in deciding whether leave to amend should be granted, it is an improvident exercise of discretion to deny leave so as to assert an otherwise apparently meritorious cause of action absent an inordinate delay *and* a showing of prejudice * * * or where the party opposing the motion to serve an amended pleading cannot demonstrate prejudice resulting directly from the delay" (*Banfi Prods. Corp. v Gentile,* 236 AD2d 348, 349 [emphasis in original]; *see also, Roberts v Alexander's, Inc.,* 224 AD2d 677, 678).

Here, the proposed amended verified complaint states a viable cause of action under General Municipal Law § 205-e based on several alleged Building Code violations (*see, e.g., Corbisiero v City of New York,* 240 AD2d 694, 695; *Farrington v City of New York,* 240 AD2d 697, 698). Moreover, the City cannot make the requisite showing of significant prejudice (*see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23-24), because where, as here, a police officer is injured in the line of duty on City-owned property, there is an immediate and thorough police investigation. Under these circumstances, the Supreme Court erred in concluding that it was without discretion to grant leave to amend. Bracken, J. P., Sullivan, Thompson and S. Miller, JJ., concur.