■ LESLIE KONDEK et al., Plaintiffs, and RAYMOND HEINICHEN et al., Appellants, v CITY OF NEW YORK, Respondent. [705 NYS2d 410] —In an action to recover damages for personal injuries, etc., the plaintiffs Raymond Heinichen and Rita Heinichen appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 1, 1998, which denied their motion for leave to amend the complaint, and granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e.

Ordered that the order is reversed, on the law, with costs, the motion for leave to amend the complaint is granted, the branch of the cross motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e is denied, and the second cause of action is reinstated.

To recover damages pursuant to General Municipal Law § 205-e, there is no requirement that the notice of claim specify the particular legal theory under which recovery is sought (*see, Sclafani v City of New York,* 271 AD2d 430; *Reilly v City of New York,* 271 AD2d 425; *Simons v City of New York,* 252 AD2d 451). Here, the plaintiffs' notice of claim recited the date, time, and location of the accident. It also listed the license plate numbers of both the radio motor patrol vehicle operated by the injured plaintiff and the other vehicle involved in the accident, and the name of the operator of that vehicle. It was therefore sufficient to enable the City of New York to make a prompt investigation of the facts and to explore the merits of the claim while information was likely to be available (*see, Yankana v City of New York,* 246 AD2d 645; *Walston v City of New York,* 229 AD2d 485). Further, because this accident involved two City-owned vehicles operated by police officers acting in the line of duty, the New York City Police Department itself had conducted an immediate investigation. Since the City did not make the requisite showing of significant prejudice, the plaintiffs' motion for leave to amend the complaint to identify the statutory predicates for the claim under General Municipal Law § 205-e should have been granted (*see, Shelton v City of New York,* 256 AD2d 611, 613; *Weeden v Corzo Constr. Co.,* 240 AD2d 732), and the branch of the cross motion by the defendants to dismiss the claim should have been denied. Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.