■ BENSON ROGERS, Appellant, v C/S ASSOCIATES LIMITED PARTNERSHIP I, by TCG-I ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent, and BARRY, BETTE AND LED DUKE, Respondent. BIG V SUPERMARKETS, INC., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [708 NYS2d 524] —Mercure, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered March 19, 1999 in Ulster County, which, *inter alia*, granted a cross motion by defendant Barry, Bette and Led Duke for summary judgment and dismissed the complaint.

Plaintiff sustained the injuries forming the basis for this Labor Law § 240 action in the course of his employment as a laborer for Augustine Landscaping & Nursery. On May 25, 1994, Augustine was involved in planting trees around the back and sides of a supermarket. Just prior to the accident, plaintiff was positioned approximately six feet off the ground on the cargo bed of a flatbed truck, moving trees into the bucket of a backhoe. Plaintiff claims that he was injured in the course

of climbing down from the truck in order to accompany the backhoe to the site where the trees were to be planted.

We conclude that, in the absence of any competent evidence that plaintiff was engaged in construction or any other activity covered by Labor Law § 240 (1) at the time of his accident, Supreme Court properly denied plaintiff's motion for partial summary judgment on the issue of liability and granted summary judgment dismissing the complaint against defendants (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002). Although construction work was taking place (or had been very recently completed) on the site, the record provides no basis for concluding that plaintiff or his employer were in any way involved in that work. Nor are we persuaded that the landscaping work engaged in by plaintiff was an integral and necessary part of the construction project (*cf., Curley v Gateway Communications*, 250 AD2d 888, 890).

We first note that the Court of Appeals only last year stated that the "integral and necessary part" test "improperly enlarges the reach of the statute beyond its clear terms" (*Martinez v City of New York*, 93 NY2d 322, 326), thereby calling into question the continued viability of the test. In any event, other cases bringing site improvements within the ambit of "construction" involved activities that were a necessary incident of the construction work (*compare, Lombardi v Stout*, 80 NY2d 290, 296 [tree had to be removed to make way for construction and to facilitate paving of driveway]; *Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002 [removal of tree constituted site preparation incidental and necessary to erection of building], *with McGregor v Bravo*, 251 AD2d 1002, 1003 [removal of tree with cracked limb not " 'necessary and incidental to or an integral part' of a protected activity"]; *Serviss v Long Is. Light. Co.*, 226 AD2d 442, 443 [tree pruning in a " ' "non-construction, non-renovation context" ' "]; *but see, Gale v Running Brook Bldrs.*, 261 AD2d 436, 437, *appeal dismissed* 93 NY2d 1041 [hydroseeding of lawns in 33-home construction project falls under the ambit of Labor Law § 240 (1)]). In this case, the fact that the construction and landscaping components fell within the same general contract and that the two activities were taking place simultaneously was merely fortuitous and provides no reasonable basis for imposing liability under Labor Law § 240 (1).

As a final matter, plaintiff having moved against all defendants for summary judgment on the issue of liability under Labor Law § 240 (1), Supreme Court was entitled to search the record and award summary judgment in favor of even nonmov-

ing parties (see, CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111). We view Supreme Court's order as having properly dismissed the complaint and third-party complaints against all defendants and third-party defendants.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.