■ STERLING NATIONAL BANK, Respondent, v STEVEN GOLDBERG et al., Appellants, et al., Defendants. [715 NYS2d 409] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered January 27, 2000, which, upon the prior grant of plaintiff's motion for summary judgment against defendants, entitled plaintiff to recover the total amount of $453,944 from defendant Goldberg and the total amount of $66,835.50 from defendant Kaminer, and dismissed defendant Goldberg's affirmative defenses and counterclaims; and order, same court and Justice, entered March 29, 2000, which, upon the grant of renewal, adhered to the judgment entered January 27, 2000; and order, same court and Justice, entered April 20, 2000, which denied defendant Goldberg's motion to stay execution of the judgment entered January 27, 2000, without an undertaking, unanimously modified, on the law, to sever and reinstate defendant Goldberg's counterclaim for breach of implied covenant of good faith and fair dealing, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith. Appeal from order, same court and Justice, entered on or about November 3, 1999, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment entered January 27, 2000.

Three companies solely owned by defendant Goldberg and his wife entered into identical financing agreements with plaintiff Sterling National Bank (Sterling), involving revolving credit of up to 80% of eligible accounts receivable and secured by receivables of the debtor companies. In July 1998, a dispute arose as to whether debtors were submitting receivables for work not yet performed, in violation of the agreements, to leverage excess financing. As a result of negotiations, the Goldbergs agreed to issue a second mortgage on their home to Sterling as further collateral for the loans, and Sterling issued a letter, dated July 10, 1998, indicating that based on the mortgage, anticipated business needs and projected cash flow, it would

"consider reasonable requests for weekly advances under the financing agreements." Sterling provided financing from July until the beginning of November. On November 5th, Sterling declined to honor approximately $800,000 in payroll checks, and, according to Goldberg, this caused the debtor companies to collapse financially. On November 6, 1998, the debtors received a check (the USSB check) for $1.75 million, which defendant Goldberg then deposited in a separate account from which funds were disbursed to various entities, including $60,000 to defendant Kaminer who had given Goldberg a check for $60,000 several weeks earlier. It is uncontested that Sterling had a secured interest in all receivables of the debtor companies.

Sterling began the instant action for conversion and replevin against Goldberg and Kaminer to recover the proceeds of the USSB check in which it had a secured interest. Defendant Goldberg asserted certain affirmative defenses and counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing and fraud. Sterling moved for summary judgment, which the motion court granted, *inter alia*, dismissing all of Goldberg's affirmative defenses and counterclaims. We now modify only to reinstate Goldberg's counterclaim for breach of implied covenant of good faith and fair dealing.

The motion court properly granted summary judgment to Sterling on its action to recover the proceeds of the USSB check, since Goldberg had illegally converted these secured proceeds, to which Sterling had a superior right of possession, which right is unaffected by Goldberg's affirmative defenses and counterclaims (*see, Amity Loans v Sterling Natl. Bank & Trust Co.*, 177 AD2d 277; *Crocker Commercial Servs. v Davan Enters.*, 88 AD2d 877). In this connection, the court properly found that Sterling's secured interest continued in the funds possessed by Kaminer since those funds were not "paid out in the operation of the debtor's business" (UCC 9-306, comment 2 [c]; *compare, Ford Motor Credit Co. v State of New York*, 219 AD2d 202, *lv denied* 88 NY2d 813). It is uncontested that Kaminer did not lend the money to any of the debtor companies, but to Goldberg personally, and the check from Kaminer to Goldberg confirms this. Thus, the payment of the money to Kaminer was not to satisfy any debt of the companies, but the personal debt of Goldberg.

The court properly dismissed Goldberg's affirmative defenses, as they were, in reality, counterclaims or did not affect Sterling's right to possession of the proceeds of the USSB check.

Additionally, the court properly dismissed Goldberg's counterclaims for breach of contract and fraud as barred by the Statute of Frauds (General Obligations Law § 15-301 [1]), and Goldberg's fraud claim was merely a restatement of his breach of contract claim (*see, Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115).

However, issues of fact exist as to whether Sterling breached the implied covenant of good faith and fair dealing when it precipitously cut off the debtors' line of credit without notice (*see, Components Direct v European Am. Bank & Trust Co.*, 175 AD2d 227; *Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank*, 135 AD2d 102). Since Goldberg and the debtor companies were "truly one," Goldberg had standing to raise this counterclaim (*see, Walcutt v Clevite Corp.*, 13 NY2d 48, 56-57). Thus, the motion court should not have dismissed this counterclaim.

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J. P., Tom, Wallach, Andrias and Saxe, JJ.