■ In the Matter of the Claim of RACHEL GORLESKI, Appellant, v TOWN OF HALFMOON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [722 NYS2d 99] —Mercure, J. P. Appeal

from that part of a decision of the Workers' Compensation Board, filed May 27, 1998, which ruled that claimant was not eligible for an award of double compensation, pursuant to Workers' Compensation Law § 14-a, because she was not engaged in a prohibited employment activity at the time of her injury.

In the summer of 1996, claimant, who was then 14 years old, began working for the Parks and Recreation Department of the Town of Halfmoon in Saratoga County as part of a crew of part-time teenaged workers. On August 31, 1996, claimant's crew was engaged in moving 10-foot by 10-foot preconstructed wooden platform panels that were to form part of a stage for the upcoming Halfmoon Day Celebration. The panels, which were quite heavy, had been stored in an upright position, leaning against a pavilion wall. After a Town employee removed the braces that secured the panels to the wall and members of the work crew removed the first panel, claimant was assigned the task of staying at the pavilion and using her hands to brace the remaining panels to keep them from tipping away from the wall. At a time when two panels remained and claimant had been leaning her back against them for a period of 5 to 10 minutes, she experienced a muscle spasm. Claimant therefore moved away from the panels, which then fell on her, causing her to sustain a fracture of the talus bone in her right ankle and a torn ligament in her left knee.

On this appeal from so much of a decision of the Workers' Compensation Board as found that claimant was not eligible for an award of double compensation pursuant to Workers' Compensation Law § 14-a, the only issue for our consideration is whether the Board's finding that claimant was not engaged in prohibited "construction work" (see, Labor Law § 133 [2] [i]; 12 NYCRR 23-1.4 [b] [13])* at the time of her injury is supported by substantial evidence. We conclude that it is and accordingly affirm the Board's decision.

The uncontroverted evidence adduced at the hearing before a

---

* Labor Law § 133 (2) (i) provides that "[n]o minor of any age shall be employed in or assist in * * * any occupation at construction work, including wrecking, demolition, roofing or excavating operations and the painting or exterior cleaning of a building structure from an elevated surface."

12 NYCRR 23-1.4 (b) (13), in turn, defines the term "construction work" as: "All work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures, whether or not such work is performed in proximate relation to a specific building or other structure."

Workers' Compensation Law Judge belies the contention that claimant was engaged in any construction work at the time of her injury. Notably, neither claimant nor any other member of her work crew possessed or used any tools and none of them was involved in the assembly of the stage. The work crew's job was simply to move the platform panels from the pavilion to the stage area, and claimant's specific job assignment was to "[s]tabilize the platform with a steady hand and if it starts to fall, get out of there." We are unpersuaded by claimant's effort to bring claimant's activity within the purview of Labor Law § 133 (2) (i) by stressing that her specific task was performed as an incident of her co-worker's job of carrying the platform panels, which was itself an incident of the adult workers' subsequent work of assembling the stage. In deciding a case under an analogous provision of Labor Law § 240 (1), the Court of Appeals specifically rejected this type of analysis, which merely focuses on whether claimant's work was an "integral and necessary part" of a larger project within the purview of the statute, as "improperly enlarg[ing] the reach of the statute beyond its clear terms" (*Martinez v City of New York*, 93 NY2d 322, 326; *see, Rogers v C/S Assocs. Ltd. Partnership I*, 273 AD2d 523, 524, *lv denied* 95 NY2d 769). Claimant's additional contentions are found to be similarly unavailing.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.