■ TEKNI-PLEX, INC., Appellant, v ASTRO-VALCOUR, INC., Defendant, and PACTIV CORPORATION et al., Respondents. [740 NYS2d 33] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 3, 2001, which, to the extent appealed from as limited by the brief, denied plaintiff's cross motion to amend its complaint insofar as such cross motion sought to add a claim for indemnification against defendants Pactiv Corporation, Tenneco, Inc., Tenneco Automotive, Inc., and Tenneco Packaging, Inc., unanimously reversed, on the law, and plaintiff's cross motion granted.

This is an action brought by Tekni-Plex to obtain reimbursement for settlement payments made to its customers based on an allegedly defective product manufactured by Astro-Valcour, Inc. (AVI). For nearly 25 years, AVI supplied polystyrene foam to Tekni-Plex for ultimate use as bottle cap liners. Tekni-Plex would apply a pressure-sensitive coating to the foam to produce a product known as PS 22 which, in turn, would be sold in roll form to customers who would cut discs of foam to line the inside of bottle caps. The lined bottle caps then would be sold to end-users, most often pharmaceutical companies for

their use in product bottles. A certain percentage of PS 22 discs reasonably could be expected to shrink, so Tekni-Plex's customers cut discs slightly larger than required prior to placing them inside bottle caps. In late 1996, Tekni-Plex's customers began complaining about excessive shrinking which resulted in liners falling out of their caps. Throughout 1997, Tekni-Plex negotiated and settled three customer claims arising from such PS 22 shrinkage in excess of $300,000. AVI ceased supplying PS 22 to Tekni-Plex in early 1997.

On April 27, 1997 defendant Tenneco, Inc. and non-party Tenneco AVI Acquisition, Inc., a wholly owned subsidiary of Tenneco, Inc., entered into an asset purchase agreement with AVI, which retained liability for "product liability" claims that arose "prior to the closing date." In connection with the asset purchase agreement, AVI entered into a contribution agreement with defendants Tenneco, Inc. and Tenneco Packaging, Inc. as well as Tenneco Protective Packaging, Inc. (later merged into defendant Pactiv Corp.). Under the contribution agreement, Tenneco Protective Packaging (and, as a result of the merger, Pactiv) expressly agreed to "assume" all contemporaneous AVI liabilities except those retained by AVI in the contribution agreement or assumed by Tenneco AVI Acquisition in the asset purchase agreement. Tenneco and Tenneco AVI Acquisition, Inc. did not expressly assume any AVI liabilities in the asset purchase agreement. Thus, Pactiv expressly assumed all of AVI's liabilities at the time of the transaction, except those included among AVI's "retained liabilities." Among the different categories of AVI retained liabilities is a category that includes "[a]ny product liability claim against AVI or any of its [s]ubsidiaries arising from an[y] occurrence which takes place, or is alleged to have taken place, prior to the [c]losing [d]ate." Thus, AVI did not retain liabilities from claims that are not "product liability" claims; nor did AVI retain liabilities arising from "product liability" claims arising from settlement payments made after the closing date. Those liabilities were expressly assumed by one or more of the Tenneco defendants under the contribution agreement. Thus, unless the claims are "product liability" claims that arise from an occurrence prior to the "[c]losing [d]ate," they were expressly assumed by one or more of the Tenneco defendants.

Tekni-Plex commenced the present action seeking reimbursement based on causes of action for breach of contract, breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. The Tenneco defendants answered and shortly after moved for summary

judgment on the ground that the causes of action were barred by the applicable, four-year statute of limitations. Plaintiff responded by moving to amend its complaint with a cause of action for indemnity to which a six-year statute of limitations applies. The IAS court granted the Tenneco defendants' motion to dismiss and denied plaintiff's cross motion, finding as a matter of law that the Tenneco defendants had not assumed successor liability. Insofar as relevant to this appeal, the IAS court erred.

Leave to amend a complaint should be freely granted and a newly pled cause of action only rejected if clearly insufficient (CPLR 3025 [b]; *Noanjo Clothing v L & M Kids Fashion*, 207 AD2d 436). By the unambiguous terms of the contribution agreement the Tenneco defendants assumed all contemporaneous AVI liabilities except those specifically retained by AVI. While AVI retained product liability claims, Tekni-Plex's settlement payments to its customers did not arise from claims that involved either personal injury or property damage but, rather, from claims resulting from damage which was "solely injury to the product itself" (*Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 294). Since the proposed amended pleading interposes an indemnity cause of action against defendants who expressly assumed such a liability, plaintiff's cross motion must be granted. Concur—Andrias, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.