■ USA Nutritionals, Inc., Appellant, v Pharmalife, Inc., et al., Respondents. [740 NYS2d 133] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated January 25, 2001, as denied its motion for leave to serve an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the amended complaint appended to the plaintiff's motion is deemed served.

Leave to serve an amended complaint is to be liberally granted (*see Ganci v Suffolk County Police Dept.,* 285 AD2d 580; *Whitehorn Assoc. v One Ten Brokerage,* 264 AD2d 516, 517), unless the proposed amendment creates prejudice or surprise resulting from the delay in interposing the new claims (*see Leszczynski v Kelly & McGlynn,* 281 AD2d 519, 520; *Corsale v Pantry Pride Supermarket,* 197 AD2d 659, 660). A moving party must make some evidentiary showing that a proposed amendment has merit, as a palpably meritless amendment will not be permitted (*see Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636). However, "the merits of a proposed amendment will not be examined * * * unless the insufficiency or lack of merit is clear and free from doubt" (*Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436, 437).

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve an amended complaint upon erroneously concluding that the plaintiff's proposed amendment was meritless. The plaintiff's motion was made within 10 months after joinder of issue, and the defendants failed to make any persuasive showing of prejudice (*see Sclafani v City of New York,* 271 AD2d 430; *Banfi Prods. Corp.*

*v Gentile,* 236 AD2d 348, 349; *Levine v Levine,* 286 AD2d 423). Moreover, the proposed amendment adding plaintiffs and asserting additional claims based upon the alleged violation of a 1990 partnership agreement is not palpably meritless (*see Agri Fin. v Senter,* 105 AD2d 560). To the contrary, there are genuine issues of fact as to the parties' intentions under that agreement and, inter alia, a related 1995 shareholders' agreement of Action Labs, Inc., a corporation established by the proposed additional plaintiff, Gary Harlem, and the defendant Lawrence Sayage.

The defendants' remaining contentions are meritless. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.