■ SLEEPY'S, INC., Appellant, v LEON ORZECHOWSKI et al., Respondents. [775 NYS2d 581]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 24, 2003, which denied its motion for leave to amend the complaint to add a cause of action for rescission.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the proposed amended complaint which was attached to the plaintiff's motion is deemed served.

Far from being free from doubt (*see Ruffing v Union Carbide Corp.,* 308 AD2d 526 [2003]; *USA Nutritionals v Pharmalife, Inc.,* 293 AD2d 526 [2002]; *Parisi v Leppard,* 237 AD2d 419 [1997]; *Staines v Nassau Queens Med. Group,* 176 AD2d 718 [1991]), there is a question whether the plaintiff's proposed additional cause of action for rescission has merit. As the damages sustained by the plaintiff as a result of the alleged breach of contract are not "readily assessable" (*Conlon v Concord Pools,* 170 AD2d 754, 756 [1991]), it does not plainly appear from this sparse record that the plaintiff has an adequate remedy at law (*cf. Marshall v Alaliewie,* 304 AD2d 1026 [2003]; *Demilo Corp. v E.K. Constr. Co.,* 207 AD2d 480 [1994]) so as to preclude equitable relief. In addition, the record does not plainly show that the parties cannot be returned to the status quo. In the absence of prejudice to the defendants, who did not oppose the plaintiff's motion, the motion for leave to amend the complaint should have been granted. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.