■ DAVID WADLER, Appellant, v CITY OF NEW YORK et al., Respondents. [869 NYS2d 444]—

Plaintiff, a police officer, was injured while driving his assigned police car across a security barrier at the entrance to the parking garage at One Police Plaza. The four-foot-high barrier had been lowered to permit plaintiff to pass but was raised again before his car cleared it, and the front end of the car was jerked into the air. Plaintiff is barred by the firefighter's rule from recovering on his common-law negligence claims because "the acts undertaken in the performance of police duties placed him . . . at increased risk for that accident to happen" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 440 [1995]; *Melendez v City of New York*, 271 AD2d 416, 417 [2000]; *Simons v City of New York*, 252 AD2d 451 [1998]; *see also Grogan v City of New York*, 259 AD2d 240 [1999]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ. [*See* 2008 NY Slip Op 30572(U).]