OPINION OF THE COURT
Simons, J.
Plaintiff was injured when he fell from a ladder while cutting down a tree located on property which defendant James Stout had contracted to buy from defendant Estate of Freda Von Sothen. At the time of the accident, plaintiff was employed by defendant Joseph Facchin, Inc., a general contractor, and had gone onto the property with several other employees of Facchin, allegedly at the request of Stout, to remove the tree. He instituted this action seeking to recover damages from defendants on causes of action based on the common law, Labor Law §§ 200 and 240 (1). Defendants subsequently instituted claims over against Facchin as a third-party defendant.
*294 Immediately prior to the accident plaintiff was on a ladder about 20 feet above the ground, sawing a branch of the tree. He contends that the ladder was improperly positioned and not secured and that he was working with no protection. To remove the branch, plaintiff tied one end of a rope to it and dropped the other end down to the Facchin employees below who were to hold the rope tightly so that as the branch was cut it would not hit the ladder. When plaintiff cut through the branch, however, the employee responsible for holding the rope was drinking coffee with Facchin, rather than holding the rope or the ladder. Consequently, the branch swung out and struck the ladder, causing plaintiff to fall to the ground.
After issue was joined, defendants and the third-party defendant moved for summary judgment. Supreme Court dismissed the action against the Estate but denied similar motions by Stout and Facchin. The Appellate Division modified by dismissing the complaints against Stout and Facchin.[1]
We agree with the Appellate Division that plaintiff’s claims based on the common law and section 200 of the Labor Law must be dismissed but conclude that plaintiff has established factual questions entitling him to trial on the cause of action based on section 240 (1) of the Labor Law. We therefore modify the order of the Appellate Division.
Liability under Common Law and Labor Law § 200:
Section 200 of the Labor Law[2] is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work (see, Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). It is plaintiff’s position that a landowner is liable for injuries caused by a dangerous condition on the land if he or she had actual or constructive notice of the condition. He claims that Stout had such notice because he visited the worksite prior to the accident and saw that neither plaintiff nor the ladder were secured. Plaintiff main *295 tains that it was this dangerous condition, and not the fact that his co-workers failed to hold the rope attached to the branch, which resulted in his injuries.
It is settled law that where the alleged defect or dangerous condition arises from the contractor’s methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law (see, Allen v Cloutier Constr. Corp. 44 NY2d, at 299, supra; Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136, 145). Plaintiffs account of the accident establishes that there was no dangerous condition on the premises which caused the accident, but rather that it was caused by the manner in which removal of the branch was undertaken. Moreover, there is no evidence that defendant Stout exercised supervisory control or had any input into how the branch was to be removed. Consequently, the Appellate Division correctly determined that plaintiff could not recover from defendant Stout on either the common-law claim or the claim under section 200 of the Labor Law.
Liability Under Labor Law § 240 (1):
Section 240 (1) of the Labor Law requires contractors and owners to furnish or erect suitable devices to protect workers when work is being performed on a building or structure.[3] Liability against the landowner under section 240 (1), in contrast to Labor Law § 200, is absolute and does not require notice of a defect nor the exercise of supervisory control by the owner (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523). Both courts below held that section 240 (1) was not applicable in the present case because the tree was not a building or structure.
We have defined a building or structure as " 'any production or piece of work artificially built up or composed of parts joined together in some definite manner’ ” (see, Lewis-Moors v Contel of N. Y., 78 NY2d 942, 943 [quoting Caddy v Interborough R. T. Co., 195 NY 415, 420] [emphasis added]). A tree is *296 clearly not a "building” or a "structure” within this definition; it is a product of nature.
Nonetheless, we conclude that plaintiff has submitted sufficient evidence to warrant a trial of his section 240 (1) cause of action in the case before us by presenting evidence that the tree-removal was a part of the house construction and site work for a driveway and parking lot. There is evidence that the tree was located 10 to 15 feet from the house in an area between the house and its adjacent two-car garage and that its branches touched the roofs of both buildings. Plaintiff established prima facie that the tree removal was part of a plan to remodel the house into a two-family building and that, at the time he was working on the tree, scaffolding was placed against the building in preparation for doing so. The tree, it is alleged, was to be removed to make way not only for the construction but also to facilitate paving the driveway of the house and in connection with a parking lot to serve the funeral home of defendant Stout located nearby. Indeed, defendant Stout acknowledges that the removal of the tree was undertaken in connection with "home improvement.”
Section 240 is intended to place the ultimate responsibility for building practices on the owner and general contractor in order to protect the workers who are required to be there but who are scarcely in a position to protect themselves from accidents. The statute is to be construed " 'as liberally as may be’ ” to achieve this purpose (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521, supra [quoting Quigley v Thatcher, 207 NY 66, 68]). It is well within the intended purposes of the statute to apply its provisions to the tree removal operation performed as part of the house renovations and paving, activities involving a building or structure.
Alternatively, defendant Stout contends that the building is a one- or two-family house and that he is exempt from liability under the statutory exception for "owners of one and two-family dwellings who contract for but do not direct or control the work” (Labor Law § 240 [1]). The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed by section 240 (1). It was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes (see, Van Amerogen v Donnini, *297 78 NY2d 880, 882). In those circumstances, the houses are more accurately considered as commercial enterprises than as one- or two-family houses (see, Van Amerogen v Donnini, 78 NY2d, at 883, supra).
As the party claiming the benefit of the exception, the defendant has the burden to show that it applies here (see, Massie v Crawford, 78 NY2d 516, 519; Valenti v Trunfio, 118 AD2d 480, 483, Iv dismissed 69 NY2d 661). He maintains that the exception is available as a matter of law because the building located on the premises previously had been a one-family residence and was vacant at the time of the accident. The exception is not applicable, however, if his purpose in making renovations was to prepare the house for commercial rental. Stout has stated that the purpose in renovating the premises included upgrading it for possible future rental and he did, in fact, subsequently rent the house to two families.
Upon the record plaintiff has established a question of fact with respect to Stout’s intended use of the property and whether the work was part of the plan to accomplish that use. Therefore, plaintiff’s section 240 (1) cause of action against defendant Stout and defendant Stout’s third-party claim against defendant Joseph Facchin, Inc. should be reinstated and the case remitted to Supreme Court for further proceedings on the pleadings.
Accordingly, the order of the Appellate Division should be modified, without costs, in accordance with this opinion, and, as so modified, affirmed.

. Defendant Stout concedes that, as contract-vendee, he is to be treated as the owner of the premises for the purposes of this action. The propriety of the dismissal of the claim against the Estate of Freda Von Sothen is not contested.

. Labor Law § 200 provides: "1. All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.”

. Labor Law § 240 (1) provides: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”