■ CLARENCE HAVENS et al., Appellants, v RAYMOND E. WITTE et al., Respondents. [626 NYS2d 930] —Order unanimously affirmed without costs. Memorandum: Clarence Havens (plaintiff) was injured when he fell from a ladder while trimming limbs from a tree located on defendants' property. That property contains defendants' home and a garage. At the time of plaintiff's accident, the garage housed antique furniture, as well as repair, refinishing and woodworking equipment and supplies used in connection with defendants' antique business. The tree limbs that plaintiff was hired by defendants to trim hung over the porch and roof of defendants' home and the driveway leading to the garage. Plaintiffs commenced this action alleging negligence, breach of contract and Labor Law § 240 (1) causes of action. A derivative cause of action was asserted by plaintiff Ruth Havens.

After joinder of issue and discovery, plaintiffs moved for partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. Defendants cross-moved for summary judgment dismissing the entire complaint. Su-

preme Court denied plaintiffs' motion and granted defendants' cross motion to the extent of dismissing the breach of contract and Labor Law § 240 (1) causes of action. The sole issue on appeal, as limited by plaintiffs' brief *(see, Ciesinski v Town of Aurora,* 202 AD2d 984), is whether the Labor Law § 240 (1) cause of action was properly dismissed. We conclude that it was.

Labor Law § 240 (1) is not applicable here. The Court of Appeals has held that a tree is not a "building" or "structure" within the statutory definition but "is a product of nature" *(Lombardi v Stout,* 80 NY2d 290, 295-296). Moreover, here, the trimming of the tree limbs was not performed as part of a construction, renovation or remodeling project involving a building or structure *(cf., Lombardi v Stout, supra,* at 296), but was performed as "routine maintenance in a non-construction, non-renovation context" to which the statute was not meant to apply *(Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592, 593; *see, Howe v 1660 Grand Is. Blvd.,* 209 AD2d 934).

In any event, even assuming, arguendo, that Labor Law § 240 (1) applies, defendants established as a matter of law that they would be exempt from liability under the statutory exemption for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]). Placing the focus on "the site and purpose of the work" *(Cannon v Putnam,* 76 NY2d 644, 650; *see, Khela v Neiger,* 85 NY2d 333) compels the conclusion that the project was purely and simply a routine home maintenance measure, "notwithstanding that the work may have fortuitously affected another area of the property that was used for commercial activities" *(Cannon v Putnam, supra,* at 651; *see, Jarvis v Dianto,* 210 AD2d 380; *Bartoo v Buell* [appeal No. 2], 198 AD2d 819, 820, *appeal dismissed* 83 NY2d 800; *cf., Van Amerogen v Donnini,* 78 NY2d 880, 882-883). Additionally, the record establishes that defendants did not direct or control the work within the meaning of the statute *(see, Cannon v Putnam, supra,* at 651; *Jacobsen v Grossman,* 206 AD2d 405). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.