JOSEPH SERVISS, Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent. [640 NYS2d 590] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated September 19, 1994, as, upon

an order of the same court, dated August 15, 1994, granting the defendant's motion for summary judgment, dismissed the plaintiff's causes of action based on Labor Law § 240 (1) and § 200 (1).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

At the time of the accident in which the plaintiff was injured, he was engaged by the defendant's contractor in the task of pruning the branches of a tree so as to prevent interference with the defendant's power lines. The plaintiff's claim must fail since a tree is not a "structure" within the meaning of Labor Law § 240 (1) (see, Lombardi v Stout, 80 NY2d 290, 295-296; Havens v Witte, 214 AD2d 958, 959). This case is distinguishable from those where tree removal is part of otherwise protected activities involving a structure (see, Lombardi v Stout, supra). The activity the plaintiff was performing at the time of the accident constituted " 'routine maintenance in a non-construction, non-renovation context' " (Havens v Witte, supra, at 959; Edwards v Twenty-Four Twenty-Six Main St. Assocs., 195 AD2d 592, 593).

Nor is there any basis to find that the defendant retained supervisory control over the performance of the plaintiff's activities (see, Lombardi v Stout, supra, at 295; cf., Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 506). The plaintiff's argument that liability may be imposed under Labor Law § 200 (1) based on certain provisions of the contract between his employer and the defendant is not properly before this Court as it is being raised for the first time on appeal (see, Cooper v City of New York, 81 NY2d 584; Figueroa v New York City Tr. Auth., 213 AD2d 586). Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.