■ TIMOTHY McGREGOR, Appellant, v JOSEPH BRAVO et al., Respondents. [674 NYS2d 240] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the Labor Law § 240 (1) cause of action. Plaintiff, an employee of defendants Dean Mortise and Donna Mortise, doing business as A Cut Above, was injured when he fell to the ground while removing a tree on the premises owned by defendant Joseph Bravo. Upon learning that the tree had a large cracked limb, Bravo hired A Cut Above to remove it in order to protect the apartment building on the premises from any harm

if the tree or its cracked limb fell. Because the tree removal was not "necessary and incidental to or an integral part" of a protected activity involving a building or structure under Labor Law § 240 (1), Bravo is not liable under that section (*Mosher v St. Joseph's Villa*, 184 AD2d 1000, 1002; *cf., Lombardi v Stout*, 80 NY2d 290, 296). To the extent that our determination is inconsistent with *Mamo v Rochester Gas & Elec. Corp.* (209 AD2d 948, *lv dismissed* 85 NY2d 924), we will no longer follow it. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.