◼ Laurette E. Gavin, Individually and as Administrator of the Estate of George Gavin, Deceased, Respondent-Appellant, v Long Island Lighting Company, Appellant-Respondent. [681 NYS2d 87] —In an action to recover damages for personal injuries and wrongful death, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered October 20, 1997, as granted the plaintiff's cross motion for summary judgment on her cause of action under Labor Law § 240 (1) and denied that branch of its motion which was for summary judgment dismissing that cause of action, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 200.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on her cause of action under Labor Law § 240 (1) and denying that branch of the defendant's motion which was for summary judgment dismissing that cause of action, and substituting therefor a provision denying the plaintiff's cross motion and granting that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 240 (1); as

so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

At the time of the accident which injured the decedent, and ultimately caused his death, he was engaged by the defendant's contractor in the task of pruning a 12-inch limb of a tree which was in "hard" contact with the defendant's power line. The plaintiff's claim must fail since a tree is not a "structure" within the meaning of Labor Law § 240 (1) (*see, Serviss v Long Is. Light. Co.,* 226 AD2d 442; *Callea v Niagra Mohawk Power Corp.,* 254 AD2d 696; *McGregor v Bravo,* 251 AD2d 1002). This case is distinguishable from those where tree removal is part of otherwise protected activities involving a structure (*see, Lombardi v Stout,* 80 NY2d 290). The activity the decedent was performing at the time of the accident constituted " ' "routine maintenance in a non-construction, non-renovation context" ' " (*Serviss v Long Is. Light. Co., supra,* at 442; *see also, Havens v White,* 214 AD2d 958, 959).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.