■ JAMES M. GEORGE, Respondent, v ISABEL HUNT, Appellant. (Appeal No. 1.) [734 NYS2d 523] —Order unanimously reversed on the law without costs, motion granted in part, common-law negligence and Labor Law § 200 claims dismissed, cross motion denied, summary judgment granted to defendant and complaint dismissed. Memorandum: Supreme Court erred in denying that part of defendant's motion seeking summary judgment dismissing the common-law negligence and Labor Law § 200 claims. Defendant established that she had no supervisory control over the construction work that resulted in plaintiff's injury (*see, Lombardi v Stout,* 80 NY2d 290, 295), and plaintiff failed to raise an issue of fact.

With respect to the claims alleging violations of Labor Law § 240 (1) and § 241 (6), we conclude that defendant failed to meet her initial burden of establishing her entitlement to the benefit of the homeowner exemption provided in those sections. However, we nevertheless dismiss those claims because the submissions made in connection with that portion of plaintiff's cross motion for summary judgment conclusively establish that the construction of the riding arena and stable near defendant's residence was "undertaken solely in connection with defendant's residential use of the property" (*Cannon v Putnam,* 76 NY2d 644, 650). We therefore reverse the order, grant in part defendant's motion seeking summary judgment, dismiss the common-law negligence and Labor Law § 200 claims, deny plaintiff's cross motion, grant summary judgment to defendant pursuant to CPLR 3212 (b) and dismiss the Labor Law § 240 (1) and § 241 (6) claims, thereby dismissing the complaint in its entirety. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.