■ DEAN KIRSCHNER, Respondent, v JOHN LAUDICINA et al., Appellants, et al., Defendants. [745 NYS2d 910] —In an action to recover damages for personal injuries, the defendants John Laudicina and SOS Electronic Services, Inc., appeal from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated December 14, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was trimming trees when an accident occurred. His Labor Law § 240 claim must fail since a tree is not a structure within the meaning of that section (*see Lombardi v Stout,* 80 NY2d 290, 295-296). In addition, the activity the plaintiff was performing at the time of the accident constituted "routine maintenance in a non-construction, non-renovation context" (*Serviss v Long Is. Light. Co.,* 226 AD2d 442, 443 [internal quotation marks omitted]; *see Gavin v Long Is. Light. Co.,* 255 AD2d 551).

However, the defendants failed to establish their entitlement to summary judgment as a matter of law on the plaintiff's common-law negligence claims (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.