■ MANUEL MORALES, Appellant, v WESTCHESTER STONE CO., INC., Respondent. [881 NYS2d 456]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 31, 2008, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that he was injured when, while standing approximately 10 feet above the ground and cutting down a tree on the defendant's property, a tree limb struck him. The tree removal that the plaintiff was performing was outside the ambit of Labor Law § 240 (1) since a tree is neither a building nor structure (*see Burr v Short,* 285 AD2d 576 [2001]; *Gavin v Long Is. Light. Co.,* 255 AD2d 551, 552 [1998]; *Serviss v Long Is. Light. Co.,* 226 AD2d 442 [1996]; *see also Caddy v Interborough R.T. Co.,* 195 NY 415, 420 [1909]; *Lewis-Moors v Contel of N.Y.,* 167 AD2d 732, 733 [1990], *affd* 78 NY2d 942 [1991]). In any

event, the defendant established, prima facie, that the activity that the plaintiff was performing at the time of the accident constituted routine maintenance outside of a construction or renovation context (*see Gavin v Long Is. Light. Co.*, 255 AD2d at 552; *McGregor v Bravo*, 251 AD2d 1002 [1998]; *cf. Lombardi v Stout*, 80 NY2d 290, 296 [1992] [tree removal was part of overall renovation plan]). In opposition, the plaintiff failed to raise a triable issue of fact. The contentions in the affidavits of the plaintiff and his brother, who was present at the time of the accident, that the tree removal was necessary to complete a larger construction or renovation project to repair the building on the premises, the fence next to the tree, or the pavement around the tree, were completely unsupported with evidence or specific factual references. Accordingly, such contentions were conclusory, without probative value, and insufficient to raise a triable issue of fact (*see Carlos v New Rochelle Mun. Hous. Auth.*, 262 AD2d 515, 516 [1999]; *Young v Fleary*, 226 AD2d 454, 455 [1996]; *Melia v Riina*, 204 AD2d 955, 957 [1994]). Florio, J.P., Miller, Covello and Austin, JJ., concur.