■ FADIL RADONCIC et al., Appellants, v INDEPENDENCE GARDEN OWNERS CORP., Respondent. [890 NYS2d 555].—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated July 10, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Fadil Radoncic (hereinafter Fadil) was employed by nonparty CPMT, a building management company that had a contract to manage the apartment complex owned by the defendant. Fadil was injured when he fell from a ladder as he was cutting a tree branch that had fallen against some utility lines. Fadil and his wife, Zejreme Radoncic (hereinafter together the plaintiffs), commenced this action against the defendant, asserting causes of action sounding in common-law negligence, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and asserting a derivative cause of action to recover damages for loss of consortium and services. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint in its entirety. We affirm.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6), as tree cutting is not one of the activities covered by those statutory provisions (*see Morales v Westchester Stone Co., Inc.,* 63 AD3d 805 [2009]; *Rivera v Santos,* 35 AD3d 700, 701-702 [2006]; *Burr v Short,* 285 AD2d 576 [2001]; *DeGennaro v Long Is. R.R.,* 258 AD2d 496 [1999]). Moreover, the defendant established, prima facie, that the tree cutting constituted "routine maintenance outside of a construction or renovation context" (*Morales v Westchester Stone Co., Inc.,* 63 AD3d at 806; *see Riccio v NHT Owners, LLC,* 51 AD3d 897, 899 [2008]; *Diaz v Applied Digital Data Sys.,* 300 AD2d 533, 535 [2002]), and the plaintiffs failed to raise a triable issue of fact in response (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Morales v Westchester Stone Co. Inc.,* 63 AD3d at 806).

The Supreme Court also properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and based on common-law negligence. Labor Law § 200 "is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work" (*Lombardi v Stout,* 80 NY2d 290, 294 [1992]; *see Chowdhury v Rodriguez,* 57 AD3d 121, 127-128 [2008]). Where, as here, "a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia,* 57 AD3d 54, 61 [2008]). The defendant met its prima facie burden in this regard by establishing that, at most, the president of its board of directors exercised mere general supervisory authority over Fadil, which is insufficient to impose liability (*id.; Natale v City of New York,* 33 AD3d 772, 773 [2006]). In response, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d at 560).

The plaintiffs' remaining contention is without merit. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.