■ THOMAS FERNANDEZ, as Administrator of the Estate of DWAYNE FERNANDEZ, Deceased, et al., Appellants-Respondents, v ABALENE OIL CO., INC., et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants, et al., Defendant/Third-Party Defendant, et al., Defendants. I.M.C. ANTENNA & TOWER, INC., Third-Party Defendant/Second Third-Party Plaintiff-Respondent, et al., Second Third-Party Defendants. [938 NYS2d 119]—

The plaintiff Thomas Fernandez's decedent, Dwayne Fernandez (hereinafter the decedent), and the plaintiff Mark Fernandez (hereinafter Fernandez) were brothers hired by the third-party defendant/second third-party plaintiff, I.M.C. Antenna & Tower,

Inc. (hereinafter IMC), to install an antenna for the defendant/ third-party plaintiff Nextel of New York, Inc. (hereinafter Nextel), on a cellular tower owned by the defendant third-party plaintiff AT&T Wireless Services, Inc. (hereinafter AT&T), located on property owned by the defendant/third-party plaintiff Abalene Oil Co., Inc. (hereinafter Abalene). On the date of the accident, the decedent climbed up the tower approximately 82 feet to tighten a bolt. As Fernandez spoke with his supervisor just outside the fence that surrounded the tower, he noticed that one of the decedent's ropes was moving "in a strange way." The decedent fell off the tower and landed on his back on an "ice bridge" that was 8 to 9 feet above ground level. The decedent's fall dislodged a number of steel step bolts that rained down on the work site. Some of the bolts hit the ice bridge and the adjacent building, and some came towards Fernandez. As the bolts fell from the tower, Fernandez ducked to avoid being struck. Afterwards, Fernandez ran towards the decedent and allegedly sustained an injury when he slipped in the snow. The decedent died at the scene. The accident allegedly was caused by the failure of a wire rope grab meant to secure the decedent to a safety wire that was permanently attached to the cellular tower.

The plaintiffs commenced this action against, among others, Abalene, AT&T, and Nextel (hereinafter collectively the Abalene defendants), asserting, inter alia, causes of action alleging a violation of Labor Law § 200 and common-law negligence on behalf of Fernandez. The Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted by Fernandez against the Abalene defendants, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted by the plaintiff Thomas Fernandez, as administrator of the decedent's estate, against the Abalene defendants, and denied those branches of the Abalene defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted by Fernandez asserted against them and on the issue of liability on their third-party cause of action for contractual indemnification insofar as asserted by Nextel against IMC.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted by Fernandez against the Abalene defendants. The complaint did not plead such a cause of action and the plaintiffs

failed to seek leave to amend the complaint to assert such a cause of action. Contrary to the plaintiffs' contention, Fernandez does not have a cause of action under Labor Law § 240 (1) based on the "zone-of-injury" rule (*Bovsun v Sanperi*, 61 NY2d 219, 228 [1984]; *cf. Del Vecchio v State of New York*, 246 AD2d 498 [1998]). The alleged psychological injuries sustained by Fernandez were not a direct consequence of a failure to provide adequate protection to him against a risk arising from a physically significant elevation differential (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 6 [2011]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1127 [2010]). To apply the "zone-of-injury" rule to a cause of action alleging a violation of Labor Law § 240 (1) "would, in effect, extend the owner's nondelegable duty to a person who was not injured by the particular hazard the statute was designed to guard against" (*Del Vecchio v State of New York*, 246 AD2d at 500; *see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995]).

The Supreme Court should have granted that branch of the Abalene defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted by Fernandez against them. Contrary to the conclusion of the Supreme Court, the accident "did not arise from a defective condition inherent on the . . . property, but rather, arose as a result of the allegedly defective 'means' utilized by [the decedent] to perform his work" (*Duarte v State of New York*, 57 AD3d 715, 716 [2008]; *see McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872 [2010]; *Jenkins v Walter Realty, Inc.*, 71 AD3d 954 [2010]; *Radoncic v Independence Garden Owners Corp.*, 67 AD3d 981, 982 [2009]; *Gomez v City of New York*, 56 AD3d 522, 523-524 [2008]).

Where, as here, "a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery . . . cannot be had under Labor Law § 200 [and for common-law negligence] unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Radoncic v Independence Garden Owners Corp.*, 67 AD3d at 982). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62). In response to the Abalene defendants' prima facie showing that they did not have the authority to supervise or control the decedent's work, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also should have granted that branch of

the Abalene defendants' cross motion which was for summary judgment on the issue of liability on their third-party cause of action for contractual indemnification insofar as asserted by Nextel against IMC. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009], citing General Obligations Law § 5-322.1; *see Reynolds v County of Westchester*, 270 AD2d 473 [2000]). The Abalene defendants made a prima facie showing that Nextel was free from negligence by proffering evidence that it did not have the authority to supervise or control the decedent's work. In opposition, IMC failed to raise a triable issue of fact. Angiolillo, J.P., Dickerson, Leventhal and Hall, JJ., concur. [**Prior Case History: 2010 NY Slip Op 32604(U).**]