■ EFRAIN FUENTES MOREIRA, Respondent, v OSVALDO J. PONZO, Appellant. [16 NYS3d 813]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 5, 2014, as denied those branches of his motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff fell from the roof of a house, an investment property owned by the defendant, while in the process of cutting and removing a 50-to-60-foot-tall tree with a 3½-to-4-foot diameter that had fallen on the house during Hurricane Irene. The defendant had hired the plaintiff and the plaintiff's nephew to remove the tree, which had caused structural damage to the roof of the house. Following the plaintiff's accident, the remainder of the tree was removed by a landscaping company, and the structural damage was then repaired by a different company.

The plaintiff commenced this action against the defendant alleging, inter alia, violations of Labor Law §§ 240 (1) and 241 (6). The defendant moved, inter alia, for summary judgment dismissing those causes of action on the ground that the plaintiff was not engaged in an activity covered by those statutes. In an order dated June 5, 2014, the Supreme Court denied those branches of his motion. We affirm the order insofar as appealed from.

To successfully assert a cause of action under Labor Law § 240 (1), a plaintiff must establish that he or she was injured during "the erection, demolition, repairing, altering[ ] [or] painting . . . of a building or structure" (*see Enos v Werlatone, Inc.*, 68 AD3d 713 [2009]; *Wein v Amato Props., LLC*, 30 AD3d 506 [2006]). The statute provides "no protection to a plaintiff injured before any activity listed in the statute was under way" (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]). "The critical inquiry in determining coverage under the statute is what type of work the plaintiff was performing at the time of injury" (*id.* at 457 [internal quotation marks omitted]).

As both the plaintiff and the defendant acknowledge, tree cutting and removal, in and of themselves, are not activities subject to Labor Law § 240 (1) (*see Lombardi v Stout*, 80 NY2d 290, 296 [1992]; *Enos v Werlatone, Inc.*, 68 AD3d 713 [2009]; *Morales v Westchester Stone Co., Inc.*, 63 AD3d 805 [2009]). Those activities are generally excluded from statutory protection because a tree is not a building or structure, as contemplated by the statute but, rather, "a product of nature" (*Lom-*

*bardi v Stout*, 80 NY2d at 296; *see Burr v Short*, 285 AD2d 576 [2001]; *Gavin v Long Is. Light. Co.*, 255 AD2d 551, 552 [1998]; *McGregor v Bravo*, 251 AD2d 1002 [1998]; *Serviss v Long Is. Light. Co.*, 226 AD2d 442 [1996]; *see also Caddy v Interborough R.T. Co.*, 195 NY 415, 420 [1909]; *Lewis-Moors v Contel of N.Y.*, 167 AD2d 732, 733 [1990], *affd* 78 NY2d 942 [1991]). Here, however, the defendant conceded that the plaintiff fell from the roof of a building while in the process of removing a fallen tree that had come to rest at that location during a hurricane, that the tree removal was the first step in the process of undertaking structural repairs to the building, and that the repairs could only be commenced by removing the tree from the roof. Furthermore, "[t]he intent of [Labor Law § 240 (1)] was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]). Since the plaintiff was working on the roof of the building, he was subjected "to the sort of risk" that Labor Law § 240 (1) "was intended to obviate" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Accordingly, the protections of Labor Law § 240 (1) are to be afforded to tree removal when undertaken during the repair of a structure (*see Lombardi v Stout*, 80 NY2d at 296).

Labor Law § 241 (6) protects only those workers engaged in duties connected to the inherently hazardous work of construction, excavation, or demolition (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 100 [2002]; *Gleason v Gottlieb*, 35 AD3d 355 [2006]). "[T]he courts have generally held that the scope of Labor Law § 241 (6) is governed by 12 NYCRR 23-1.4 (b) (13), which defines construction work expansively" (*Vernieri v Empire Realty Co.*, 219 AD2d 593, 595 [1995]). Specifically, under that regulation, construction work consists of "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures, whether or not such work is performed in proximate relation to a specific building or other structure" (12 NYCRR 23-1.4 [b] [13]). Since the plaintiff was engaged in activities ancillary to the repair of the building from which he fell, the provisions of Labor Law § 241 (6) are also applicable to the facts of this case.

In light of the foregoing, the defendant failed to establish his prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court correctly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), regardless of the sufficiency of the

plaintiff's opposition papers. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.