■ SEGUNDO QUISHPI, Respondent-Appellant, v 80 WEA OWNER, LLC, et al., Appellants-Respondents. 80 WEA OWNER, LLC, Third-Party Plaintiff-Appellant; AIR EXPORT MECHANICAL, Third-Party Defendant-Respondent. [43 NYS3d 319]—

Order, Supreme Court, New York County (Cynthia S. Kern,

J.), entered May 29, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim and granted defendants' motions for summary judgment dismissing that claim, denied defendants' motions for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.8 (c) (1) and 23-3.3 (c), and denied defendant 80 WEA Owner, LLC's motion for a default judgment on its third-party complaint, unanimously modified, on the law, to grant defendants' motions as to the Labor Law § 241 (6) claim, and otherwise affirmed, without costs, except as to the denial of 80 WEA's motion for a default judgment, the appeal from which is unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff was injured during the demolition of an elevator shaft when he tried to take down two 12-foot vertical steel beams topped by a horizontal steel beam approximately two feet long. He cut into the two vertical beams until they fell over in a "V" shape, and the horizontal beam, still attached to them, hit the floor. When plaintiff bent over to sever the horizontal beam from the left vertical beam, the beam sprang up and hit him in the face.

The Labor Law § 240 (1) claim was correctly dismissed, because the record demonstrates that plaintiff's injuries were not the result of a failure to provide proper protection against "the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]), but rather the result of the propulsion of the vertical beam upward by "the kinetic energy of the sudden release of tensile stress in the [beam]" (*Medina v City of New York*, 87 AD3d 907, 909 [1st Dept 2011]).

The Industrial Code provisions on which the Labor Law § 241 (6) claim is predicated are inapplicable to the facts of this case. 12 NYCRR 23-1.8 (c) (1) requires hard hats where there is a risk of "being struck by falling objects or materials or where the hazard of head bumping exists" (*Modeste v Mega Contr., Inc.*, 40 AD3d 255, 255-256 [1st Dept 2007]). 12 NYCRR 23-3.3 (c) requires inspections during demolition of a structure "to detect any hazards . . . resulting from weakened or deteriorated floors or walls or from loosened material," which refers to "structural instability caused by the progress of demolition" (*see Garcia v 225 E. 57th St. Owners, Inc.*, 96 AD3d 88, 93 [1st Dept 2012]).

In view of the foregoing, we need not reach 80 WEA Owner's

alternative argument as to its motion for a default judgment on the third-party complaint. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.