CARLOS ANTONIO OLARTE, Appellant, v DEBRA MORGAN et al., Respondents. [49 NYS3d 532]—

Appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 11, 2014. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while working on property owned by the defendants, where the plaintiff was engaged in various projects. At the time of the accident, the plaintiff was standing on a ladder and using a power saw to cut a tree branch. According to the plaintiff's deposition testimony, the ladder moved and he lost control of the saw, which cut his arm. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging violations of

Labor Law §§ 200, 240 (1), and 241 (6). The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action. "Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to maintain a safe construction site" (*Bennett v Hucke*, 131 AD3d 993, 995 [2015]). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to supervise or control the methods or materials of the injured plaintiff's work" (*Pacheco v Smith*, 128 AD3d 926, 926 [2015]). Here, the accident arose from the manner in which the work was performed, and the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 claim by submitting evidence demonstrating that they did not have the authority to supervise or control the methods or materials of the plaintiff's work (*see Vazquez v Humboldt Seigle Lofts, LLC*, 145 AD3d 709, 710 [2016]; *Ruiz v Walker*, 93 AD3d 838, 839 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action. The defendants established, prima facie, that the plaintiff's tree branch cutting work was outside the ambit of Labor Law § 240 (1), because a tree is not a "building or structure" within the meaning of the statute (Labor Law § 240 [1]; *see Lombardi v Stout*, 80 NY2d 290, 295-296 [1992]; *Moreira v Ponzo*, 131 AD3d 1025, 1026 [2015]; *Cicchetti v Tower Windsor Terrace, LLC*, 128 AD3d 1262, 1263 [2015]; *Crossett v Wing Farm, Inc.*, 79 AD3d 1334, 1336 [2010]; *Morales v Westchester Stone Co., Inc.*, 63 AD3d 805, 805 [2009]; *Serviss v Long Is. Light. Co.*, 226 AD2d 442, 443 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact. His contention that the tree branch cutting work was necessary to complete a larger renovation project with respect to the building on the premises is unsupported by the record (*see Morales v Westchester Stone Co., Inc.*, 63 AD3d at 806; *cf. Moreira v Ponzo*, 131 AD3d at 1026-1027).

Furthermore, the Supreme Court properly granted that

branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action, since the defendants established, prima facie, that the plaintiff's injuries did not arise from construction, excavation, or demolition work (*see Shea v Bloomberg, L.P.,* 124 AD3d 621, 622 [2015]; *Enos v Werlatone, Inc.,* 68 AD3d 713, 715 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.