De Jesus v Metro-N. Commuter R.R. (2018 NY Slip Op 02150)





De Jesus v Metro-N. Commuter R.R.


2018 NY Slip Op 02150


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-04671
 (Index No. 57940/13)

[*1]Miguel A. Tamarez De Jesus, appellant, 
v
Metro-North Commuter Railroad, doing business as Metro-North Railroad, et al., respondents, et al., defendants.


Napoli Shkolnik LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Beth S. Gereg], of counsel), for appellant.
Richard L. Gans, New York, NY (Jose R. Rios of counsel) for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 30, 2015, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Metro-North Commuter Railroad, doing business as Metro-North Railroad, and granted those branches of the cross motion of that defendant and the defendant Metropolitan Transportation Authority which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant Metro-North Commuter Railroad, doing business as Metro-North Railroad.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Metro-North Commuter Railroad, doing business as Metro-North Railroad, and Metropolitan Transportation Authority which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant Metro-North Commuter Railroad, doing business as Metro-North Railroad, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, an employee of nonparty Asplundh Tree Expert Co., commenced this action against, among others, the defendant Metro-North Commuter Railroad, doing business as Metro-North Railroad (hereinafter Metro-North), for injuries he alleged that he sustained when he was cutting and removing a tree that had fallen during Hurricane Sandy onto catenary wires situated above the railroad tracks along the New Haven Railroad Line. At the time of the accident, the plaintiff was standing on the ground and using a power saw to cut through the tree trunk when the tension in the catenary wires suddenly released, propelling the tree into the air. The tree broke in two and then fell, striking the plaintiff's leg. It is undisputed that the catenary wires could not be repaired and train service restored without first removing the tree.
The plaintiff alleged that his injuries arose out of Metro-North's violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. After discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and Metro-North, together with the defendant Metropolitan Transportation Authority (hereinafter the MTA) cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the cross motion and denied the plaintiff's motion. The plaintiff appeals, as limited by his brief, from so much of the order as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Metro-North and granted those branches of the cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Metro-North.
To come within the protection of Labor Law § 240(1), the plaintiff must have been engaged in "the erection, demolition, repairing, altering [or] . . . painting of a building or structure" (Labor Law § 240[1]; see Enos v Werlatone, Inc., 68 AD3d 713, 714; Wein v Amato Props., LLC, 30 AD3d 506, 507). The catenary wires were a structure within the meaning of the Labor Law (see Lewis-Moors v Contel of N.Y., 78 NY2d 942, 943; McCoy v Kirsch, 99 AD3d 13, 15-16; Ackley v New York State Elec. & Gas Corp., 8 AD3d 941, 942). Although "tree cutting and removal, in and of themselves, are not activities subject to Labor Law § 240(1)" (Moreira v Ponzo, 131 AD3d 1025, 1026; see Lombardi v Stout, 80 NY2d 290, 295-296; Enos v Werlatone, Inc., 68 AD3d at 714; Radoncic v Independence Garden Owners Corp., 67 AD3d 981, 982; Morales v Westchester Stone Co., Inc., 63 AD3d 805, 805), where, as here, the plaintiff's tree removal work constituted the first step in effectuating repairs to the catenary wires, the provisions of Labor Law § 240(1) are applicable (see Moreira v Ponzo, 131 AD3d at 1027).
Although Metro-North failed to establish, prima facie, that the plaintiff was not engaged in an enumerated activity, it did establish, prima facie, that the plaintiff's injuries were "not the direct consequence of the application of the force of gravity to an object or person" (Gasques v State of New York, 15 NY3d 869, 870; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Rather, the plaintiff's injuries resulted when the tree was first propelled upward by the sudden
release in tension of the catenary wires and then split in two, striking the plaintiff's leg (see Quishpi v 80 WEA Owner, LLC, 145 AD3d 521, 522; Medina v City of New York, 87 AD3d 907, 909). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, that branch of the cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Metro-North was properly granted. For the same reasons, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Metro-North.
However, Metro-North is not entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. Metro-North argues that the activity in which the plaintiff was engaged when he was injured was outside the ambit of Labor Law § 241(6). "Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). " [T]he courts have generally held that the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13), which defines construction work expansively'" (Enos v Werlatone, Inc., 68 AD3d at 715, quoting Vernieri v Empire Realty Co., 219 AD2d 593, 595). Under that regulation, construction work consists of "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (12 NYCRR 23-1.4[b][13]). Since the plaintiff was engaged in activities ancillary to the repair of the catenary wires, the provisions of Labor Law § 241(6) are also applicable to this case. Accordingly, Metro-North failed to establish, prima facie, that Labor Law § 241(6) was inapplicable to the plaintiff's activities, and that branch of the cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against Metro-North should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court