Cerro v 97 Port Richmond Ave, LLC (2025 NY Slip Op 06842)

Cerro v 97 Port Richmond Ave, LLC

2025 NY Slip Op 06842

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-09961
 (Index No. 152277/18)

[*1]Jose Cerro, appellant, 
v97 Port Richmond Ave, LLC, et al., respondents, et al., defendants (and a third-party action).

Elefterakis, Elefterakis & Panek (Eileen Kaplan and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Jillian Rosen], of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated September 4, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants 97 Port Richmond Ave, LLC, and Frenchies Port Richmond Equities, LLC, and granted that branch of the motion of the defendants 97 Port Richmond Ave, LLC, and Frenchies Port Richmond Equities, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2017, the defendant 97 Port Richmond Ave, LLC (hereinafter Port), purchased adjacent properties located in Staten Island. Port hired Justino Landscaping, Inc. (hereinafter Justino), to remove a tree next to a stand-alone garage on one of the properties. On January 19, 2018, the plaintiff, an employee of Justino, began to climb a ladder, which was set up against the side of the garage by another Justino employee, in order to cut the tree's branches. The plaintiff allegedly was injured when he fell from the ladder.
Thereafter, the plaintiff commenced an action to recover damages for personal injuries against Port and the defendant Frenchies Port Richmond Equities, LLC (hereinafter together the defendants), which has an ownership interest in Port. The action was subsequently consolidated with separate personal injury actions commenced by the plaintiff. The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them. The plaintiff opposed the motion and moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. In an order dated September 4, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion and denied that branch of the plaintiff's motion. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). To recover under Labor [*2]Law § 240(1), a plaintiff must establish that he or she was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (see Saitta v Marsah Props., LLC, 211 AD3d 1062, 1064). "Altering" within the meaning of Labor Law § 240(1) requires making a significant physical change to the configuration or composition of the building or structure, with routine maintenance falling outside the scope of Labor Law § 240(1) (see Joblon v Solow, 91 NY2d 457, 465; Saitta v Marsah Props., LLC, 211 AD3d at 1064-1065).
Here, the plaintiff's tree-cutting work was outside the ambit of Labor Law § 240(1), because a tree is not a "building or structure" within the meaning of the statute (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 990; Olarte v Morgan, 148 AD3d 918, 919). Contrary to the plaintiff's contention, the record demonstrates that Justino was hired to remove the tree to prevent future damage to the garage, not to effectuate a structural change to the garage. Further, the plaintiff failed to raise a triable issue of fact as to whether the tree cutting was performed as part of a larger renovation project, as the tree cutting occurred months before any renovations at the property began, and the record demonstrates that the renovation project was not contingent on the removal of the tree (see Olarte v Morgan, 148 AD3d at 919; Rivera v Santos, 35 AD3d 700, 702).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants and properly granted that branch
of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
The parties' remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, FORD and HOM, JJ., concur.

2023-09961 DECISION & ORDER ON MOTION
Jose Cerro, appellant, v 97 Port Richmond Ave,
LLC, et al., respondents, et al., defendants
(and a third-party action).
(Index No. 152277/18)

Appeal from an order of the Supreme Court, Richmond County, dated September 4, 2023. Motion by the respondents 97 Port Richmond Ave, LLC, and Frenchies Port Richmond Equities, LLC, to strike stated portions of the appellant's reply brief on the ground that they improperly raise arguments for the first time in reply and refer to matter dehors the record. By decision and order on motion of this Court dated February 14, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to strike stated portions of the appellant's reply brief is granted, and the portion of the appellant's reply brief beginning at the bottom of page 3 with the words "In the realm of arboriculture" and ending at the top of page 7 with the words "protected under scaffold law," is stricken and has not been considered in the determination of the appeal.
IANNACCI, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court