Peterkin v Westchester Parks Found., Inc. (2026 NY Slip Op 00268)

Peterkin v Westchester Parks Found., Inc.

2026 NY Slip Op 00268

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2021-07774
 (Index No. 51137/19)

[*1]Douglas Peterkin, respondent-appellant,
vWestchester Parks Foundation, Inc., appellant-respondent.

Schwab & Gasparini, PLLC, White Plains, NY (Louis U. Gasparini of counsel), for appellant-respondent.
O'Connor & Partners, PLLC, Kingston, NY (Michael Kolb of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated October 12, 2021. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On October 22, 2018, the plaintiff, who worked in the general maintenance department of Westchester County Department of Parks, Recreation and Conservation (hereinafter the Department), allegedly was injured while cutting down a tree in Kensico Dam Plaza (hereinafter the Plaza). The plaintiff had been working from an elevated bucket of a bucket truck when he was struck by a portion of the tree he had just cut. Around the time of the accident, employees of the Department were setting up a holiday light show in the Plaza to serve as a fundraiser for the defendant, Westchester Parks Foundation, Inc. The plaintiff subsequently commenced this action against the defendant alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff alleged, among other things, that the cutting and removal of the subject tree was an integral part of the erection of a scaffold system and the mounting of a large artificial star thereto to be displayed for the holiday light show.
The defendant moved, inter alia, for summary judgment dismissing the cause of [*2]action alleging a violation of Labor Law § 240(1), and the plaintiff cross-moved for summary judgment on the issue of liability on that cause of action. In an order dated October 12, 2021, the Supreme Court, among other things, denied that branch of the defendant's motion and the plaintiff's cross-motion. The defendant appeals and the plaintiff cross-appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Valentin v Stathakos, 228 AD3d 985, 989). The statute "applies where an employee is engaged 'in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Valentin v Stathakos, 228 AD3d at 989, quoting Labor Law § 240[1]; see Lombardi v Stout, 80 NY2d 290, 295). "[T]ree cutting and removal, in and of themselves, are not activities subject to Labor Law § 240(1). Those activities are generally excluded from statutory protection because a tree is not a building or structure, as contemplated by the statute but, rather, 'a product of nature'" (Moreira v Ponzo, 131 AD3d 1025, 1026 [citations omitted], quoting Lombardi v Stout, 80 NY2d at 296; see Morales v Westchester Stone Co., Inc., 63 AD3d 805, 805).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) by submitting evidence demonstrating that, at the time of his accident, the plaintiff was engaged in tree cutting and removal, which "constituted routine maintenance outside of a construction or renovation context" (Morales v Westchester Stone Co., Inc., 63 AD3d at 806; see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 990; Olarte v Morgan, 148 AD3d 918, 919; Enos v Werlatone, Inc., 68 AD3d 713, 714). In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of James Leonard, the director of general maintenance for the Department, and Russell Argila, a senior maintenance mechanic in the general maintenance department. Leonard testified that, on the date of the accident, the plaintiff and his coworkers were engaged in "thinning out, pruning trees, dead branches along . . . [a] hillside," and that the tree the plaintiff was cutting at the time of his accident was part of that work. Argila testified that the tree crew, of which the plaintiff was a member, was "coming up there to clean it up, to do their normal tree work," and denied that the purpose of the tree work was to prepare for the installation of the star.
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the tree removal was necessary to complete a larger construction project in connection with the holiday light show in the Plaza is unsupported by the record (see Olarte v Morgan, 148 AD3d at 919; cf. Moreira v Ponzo, 131 AD3d at 1027).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). For the same reasons, the court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court